869 P.2d 568

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Leslie Gene TRENT, Defendant–Appellant.**

No. 20780.

Court of Appeals of Idaho.

Jan. 28, 1994.

Petition for Review Denied March 30, 1994.

Alan E. Trimming, Ada County Public Defender, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Leslie Trent appeals from an order of the district court refusing to modify a misdemeanor sentence imposed upon him for possession of a controlled substance by an inmate. We affirm.

While represented by the Ada County Public Defender's office, Trent pled guilty to misdemeanor possession of a controlled substance by an inmate. I.C. § 18–2511. On June 4, 1993, he was sentenced by the district court to a period of six months in the Ada County jail. The court also ordered this sentence to be served consecutively to Trent's present term in the state prison. On July 14, Trent filed, pro se, a motion under I.C.R. 35 for correction of the misdemeanor sentence on the ground the court was with-

out authority to order that a sentence for a misdemeanor be served consecutively to an inmate's existing felony sentence.

Alleging certain restrictions on the court's authority, Trent cited two statutes: I.C. § 19–2520F which requires consecutive sentences for felonies committed in correctional facilities, but which does not explicitly provide the same requirement for misdemeanor sentences; and I.C. § 18–308 which permits the court to order consecutive service of sentences when a person is convicted of two or more crimes before any sentence has been imposed upon that person for such crimes. Trent specifically acknowledged that the six-month duration of his misdemeanor sentence was within the limits provided by law, was not unduly harsh and was, to that extent, not an abuse of the district court's discretion. He argued, simply, that the consecutive nature of the sentence was illegal, and he requested the court to order that the sentence be modified by requiring its service concurrently with his prison sentence.

The district court summarily denied Trent's motion without a hearing. By memorandum opinion, the court held that it had inherent authority to order consecutive service of sentences, which power was not limited by statute. In reaching this conclusion, the court cited *State v. Lawrence,* 98 Idaho 399, 565 P.2d 989 (1977). The court also considered Trent's request to modify the sentence by changing it from consecutive to concurrent, as a matter of leniency under Rule 35, but determined not to grant that relief as an exercise of discretion. Trent then filed this appeal, and, at his request, counsel was appointed to represent him in this proceeding.

Counsel concedes that the district court correctly determined it had inherent power to order the misdemeanor sentence to be served consecutively to Trent's prison sentence, based upon *State v. Lawrence, supra.* In this regard, therefore, no challenge is made to the court's conclusion that the sentence was not illegal as asserted in Trent's Rule 35 motion. Instead, this appeal questions whether the district court abused its discretion in refusing to modify the sentence as a matter of leniency.

Our standard for review of the denial of a motion for leniency under Rule 35 is well established. A motion to alter an otherwise lawful sentence under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for modification of a sentence will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Id.,* at 450, 680 P.2d at 872. In other words, we examine the probable duration of confinement in light of the nature of the crime, the character of the offender and the objectives of sentencing, which are the protection of society, deterrence, rehabilitation and retribution. *Id.* If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with the motion for reduction. *State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App. 1991). If the defendant fails to make this showing, we cannot say that the denial of the motion represents an abuse of discretion. *Id.,* 121 Idaho at 117, 822 P.2d at 1014.

The court is under no obligation to amend or modify a sentence that has been legally imposed. *State v. Vega,* 113 Idaho 756, 747 P.2d 778 (Ct.App.1987). Rule 35 permits the court to consider and determine such motions without admitting additional testimony and without hearing oral argument. The decision whether to conduct a hearing on a Rule 35 motion is also directed to the sound discretion of the trial court. *State v. Hoffman,* 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986); *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discre-

tion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989), *citing Associates Northwest v. Beets*, 112 Idaho 603, 733 P.2d 824 (Ct.App.1987).

 We have considered the record in light of the foregoing principles. In its memorandum decision, the district court expressly recognized that insofar as it was presented with a request for leniency, this was an issue invoking the exercise of the court's discretion. There is no claim by the appellant that the exercise of that discretion was inconsistent with pertinent legal standards or exceeded the applicable boundaries. Consequently, we are left with a review only of the rationale given by the court in deciding not to grant discretionary relief by modifying the consecutive nature of Trent's misdemeanor sentence. In this respect, the district court concluded that the sentence was not unduly severe. The court also expressed its reasons for imposing a consecutive rather than a concurrent sentence. The court stated:

> If this were a case involving a non-inmate who had committed the misdemeanor of possession of a controlled substance, the court probably would not have imposed so severe a sentence. This, however, is one of the rare cases in which a stiff sentence may have a deterrent effect, not on the defendant himself, but on other people similarly situated. To the extent that a message can be sent, incarcerated persons ought to be made aware that crimes committed in prison will result in harsh punishment.

The court's conclusion that Trent's sentence may serve as a deterrent to others, in general, is consistent with similar views expressed by our Supreme Court. *See, e.g., State v. Adams*, 99 Idaho 75, 577 P.2d 1123 (1978); *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1957). Upon review of the record in this case, we are not persuaded that the court abused its discretion in deciding not to modify Trent's sentence.

Accordingly, the order denying Trent's Rule 35 motion is affirmed.

LANSING and PERRY, JJ., concur.