893 P.2d 814

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Craig Marlyn STRINGER, Defendant–Appellant.**

No. 21352.

Court of Appeals of Idaho.

March 31, 1995.

---

868

Randy J. Stoker, Twin Falls, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Pursuant to a plea agreement with the prosecutor, Craig M. Stringer pleaded guilty to petit theft, I.C. §§ 18–2403(3), 18–2407(2). He was sentenced to 365 days' confinement in the county jail. The magistrate suspended 180 days of the sentence and placed Stringer on two years' probation.[1] In this appeal, Stringer challenges the reasonableness of the original sentence and the magistrate's denial of Stringer's subsequent motion for reduction of the sentence. Stringer also asserts that the prosecutor breached the terms of the plea agreement. Because we find no breach of the plea agreement and no abuse of discretion in the magistrate's sentencing determinations, we affirm the judgment of conviction and sentence.

## I. BACKGROUND

In March 1992 Stringer was charged with grand theft, a felony, I.C. §§ 18–2403(1), 18–2407(1)(b)(1). At his preliminary hearing, the following evidence was adduced. Stringer, his wife, their six-year-old son and their young daughter were shopping at a Shopko department store. They placed in a shopping cart several items with a total value exceeding $500, including a compact disc player, two car stereos, several compact discs and toys. The family then separated, with Stringer's wife and daughter departing to a different store in the shopping mall while Stringer went to their pickup truck in the parking lot. The Stringers' young son was left alone in the store with the shopping cart full of merchandise. While Stringer was still

1. The sentence has been stayed pending appeal.

at the pickup, the boy pushed the cart out the front door and to the vehicle. Stringer opened the door of the pickup for his son and watched while the boy unloaded the contents of the cart into the pickup. Twice thereafter Stringer and his wife met in the parking lot, spoke briefly and then separated. Each time, Stringer's wife returned to the mall (though not the Shopko store) and Stringer returned to his vehicle.

The occurrences inside the store were captured on videotape by the store's surveillance system. A manager operating the system became suspicious. She and another store employee went outside to observe Stringer in the parking lot. After observing the conduct described above, they called the police.

When Stringer apparently noticed that he was being watched by store personnel, he re-entered the Shopko store and told an employee that a mistake had occurred. He said that while he went to his pickup to retrieve his checkbook, his six-year-old son had, of his own volition, pushed the cart out to the vehicle.

More than ten minutes elapsed from the time the boy left the store until Stringer reentered. The store employees who observed Stringer's actions testified that a timer on the surveillance videotape confirmed this time frame.

The arresting officer testified that when questioned by the officer, Stringer's son stated that he had taken the shopping cart outside upon his father's instructions. At the preliminary hearing, however, the boy denied that his father had told him to push the cart out of the store. Stringer and his wife testified extensively in an attempt to convince the magistrate that they had been the victims of a misunderstanding and had not intended to shoplift the items. The magistrate nonetheless bound Stringer over to the district court for trial.

Subsequently a plea agreement was reached under which Stringer agreed to plead guilty to petit theft, a misdemeanor, I.C. §§ 18–2403(3), 18–2407(2), and the case

was remanded to the magistrate for disposition. It is undisputed that as part of the plea agreement the prosecutor agreed not to recommend a sentence of incarceration. The parties also agreed that $150 would be an appropriate fine. When the guilty plea was entered, the magistrate specifically informed Stringer that the magistrate was not bound by these sentencing recommendations and could impose a harsher sentence. When it became clear that the magistrate did not intend to follow the prosecutor's sentencing recommendation, Stringer attempted to explain his actions to the court. The magistrate then postponed the sentencing so that he could further review the videotape and the transcript of the preliminary hearing. At the subsequent sentencing hearing, Stringer asserted that his guilty plea had been intended as an "Alford"[2] plea and denied that he committed a crime. Stringer was again allowed the opportunity to present his version of the facts but the magistrate was unconvinced. The magistrate disregarded the parties' sentencing recommendations and imposed a sentence of 365 days' confinement, with 180 days suspended, to be followed by two years' probation.

Stringer filed an I.C.R. 35 motion for reduction of the sentence which was denied. Stringer appealed to the district court, challenging the sentence and the denial of his Rule 35 motion. The district court affirmed. On Stringer's further appeal to this Court, he contends that the magistrate abused his discretion in imposing the jail sentence and denying Stringer's Rule 35 motion. He also asserts that the prosecutor breached the plea agreement by submitting to the district court an appellate brief supporting the sentence.

## II. ANALYSIS

When the district court acts in an appellate capacity on appeal from the magistrate division and a further appeal is taken, the higher appellate court reviews the record of the magistrate independently of, but with due regard for the district court's decision. *State v. Van Sickle*, 120 Idaho 99, 101, 813

---

2. In an *Alford* plea, the defendant pleads guilty but does not admit committing the underlying offense. *See North Carolina v. Alford*, 400 U.S.

25, 27, 91 S.Ct. 160, 162, 27 L.Ed.2d 162 (1970); *State v. Horkley*, 125 Idaho 860, 862, 876 P.2d 142, 144 (Ct.App.1994).

P.2d 910, 912 (Ct.App.1991). Based upon our review of the magistrate's decision we affirm or reverse the district court's appellate decision accordingly.

On the issue of the reasonableness of his sentence, Stringer argues that the magistrate abused his discretion by imposing incarceration instead of probation and that, at a minimum, Stringer should have been granted work release privileges. He also complains that the magistrate sentenced him based upon a belief that Stringer instructed his son to push the shopping cart out of the store, which defendant says he did not admit under his alleged *Alford* plea.

■ On the appeal of a sentence we must determine whether the trial court abused its discretion by imposing an unreasonably harsh sentence. Our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well-established. We examine the probable duration of confinement in light of the nature of the crime, the character of the offender, and the objectives of sentencing, which are the protection of society, deterrence, rehabilitation, and retribution. *State v. Hernandez*, 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Like other aspects of sentencing, the determination whether to authorize work release pursuant to I.C. § 20–614 is committed to the sound discretion of the trial court. A sentence will not be disturbed unless the appellant shows that it constitutes a "clear abuse of discretion." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

■ The criteria for examining rulings denying a request for leniency under I.C.R. 35 are the same as those applied in determining whether the original sentence was reasonable. *State v. Trent*, 125 Idaho 251, 253, 869 P.2d 568, 570 (Ct.App.1994); *Lopez*, 106 Idaho at 450, 680 P.2d at 872. If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. *Hernandez*, 121 Idaho at 117, 822 P.2d at 1014 (Ct.App.1991). If he fails to make this show-

ing, we cannot say that the denial of the motion represents an abuse of discretion. *Id.*, at 117–18, 822 P.2d at 1014–15.

■ In Stringer's case, it is clear from the transcript that the guilty plea was not conditioned as an *Alford* plea when it was entered. Only after it became apparent that the magistrate would not accept the parties' sentencing recommendation did Stringer attempt to characterize it as an *Alford* plea. However, even assuming *arguendo* that it was an *Alford* plea under which Stringer professed innocence while pleading guilty, that would not require the sentencing court to disregard the evidence of the offense or to accept Stringer's protestations of innocence. There was substantial evidence to support the magistrate's conclusion that Stringer and his wife were engaged in a carefully orchestrated scheme using their young son to assist in the theft of store merchandise. The evidence showed Stringer watched as his son loaded the merchandise into the pickup, and that neither of the parents made any effort to return to the Shopko store to pay for the items until Stringer became aware that he was under surveillance. The magistrate plainly found that Stringer's explanation of events at the Shopko store lacked credibility. In his order denying the Rule 35 motion, the court pointed out numerous inconsistencies in the explanations given by Stringer and his wife. Therefore, we perceive no error in the magistrate's predicating his sentencing decision upon his conclusion that a corrupt misuse of the child had occurred.

In rendering the sentence the magistrate expressly took into account that Stringer had no prior criminal record and had been a positive, contributing citizen. However, the magistrate was also incensed that Stringer had involved his young son in a criminal enterprise, and concluded that a substantial jail sentence was necessary. On Stringer's motion for reduction of the sentence, the court heard additional testimony from Stringer and his wife, but continued to find their stories internally contradictory and implausible, and declined to alter the sentence. The magistrate stated that a stringent sentence was necessary both for punishment and

to deter Stringer and others who might be tempted to commit similar crimes.

It is apparent that the magistrate took into account the objectives of sentencing, the nature of the offense and the character of the offender in imposing sentence. Although the sentence is stringent for a first offense, we cannot say that either the sentence as initially imposed or the denial of Stringer's Rule 35 motion was an abuse of the magistrate's discretion.

Stringer also contends that the prosecutor breached the terms of the plea agreement when he filed with the district court a respondent's brief urging affirmance of the sentence and of the magistrate's denial of Rule 35 relief. According to Stringer, by asking the district court not to reverse the magistrate, the prosecutor breached the plea agreement.

 Under the plea agreement, as described to the magistrate by Stringer's attorney, the State agreed not to recommend any incarceration. The prosecutor made no recommendation to the magistrate contrary to that agreement. At the hearing on Stringer's Rule 35 motion, the prosecutor referenced the recommendation specified in the plea agreement and then, at his request, was excused from further participation in the hearing. Upon Stringer's appeal to the district court, however, the prosecutor did file a respondent's brief arguing that the magistrate had not abused his sentencing discretion.

We cannot accept Stringer's contention that whenever a plea agreement calls for the State to make a particular sentencing recommendation, or to refrain from making any recommendation, the agreement will be breached if the State opposes the defendant's appeal from the sentence ultimately imposed. At the appeal stage, the sentence has already been pronounced, and the State's role is no longer that of making a recommendation as to what would be an appropriate sentence. When the reasonableness of a sentence is challenged on appeal, the issue is not what the State would recommend, but whether the sentencing court abused its discretion. If the State were foreclosed in these circumstances from addressing the issue, the appellate court would be deprived of any presentation of those aspects of the record and the law that may support the trial court's action. Such an impediment of the appellate process is neither desirable nor compelled by the terms of a plea agreement that limits only the State's recommendation to the sentencing court. We conclude that Stringer's assertion that the prosecutor breached the plea agreement is without merit.

The sentence imposed and the magistrate's denial of Stringer's motion for Rule 35 relief are affirmed.