877 P.2d 926

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Louis SEAMAN, Defendant–Appellant.**

No. 20706.

Court of Appeals of Idaho.

July 12, 1994.

---

Van G. Bishop, Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for respondent.

PERRY, Judge.

William Seaman was charged with murder in the first degree and with the use of a firearm in the commission of the murder. During plea negotiations, the state agreed to amend the first degree murder charge to second degree murder and dismiss the firearm enhancement in exchange for Seaman's plea of guilty. In consideration of mitigating factors and Seaman's long history of severe alcoholism, the state also agreed that although it would be seeking a life sentence, it would not recommend a fixed life sentence. Seaman accepted the negotiated plea agreement and pled guilty to second degree murder. At sentencing, however, the state breached the plea agreement by advocating a term of fixed life, which the district court ultimately imposed. Seaman appeals from the judgment of conviction, asserting that he is entitled to relief because of the state's breach of the plea agreement. He further asserts that under the circumstances his sentence constitutes cruel and unusual punishment. Because we hold the issue surrounding the breach of the plea agreement to be dispositive, we do not reach the challenge to the sentence itself.

At the change of plea hearing, counsel for Seaman stated the terms of the plea agreement. In addition, the prosecutor, who did not expect to be present at sentencing because of the outcome of a recent election, stated on the record his reasons for reducing the first degree murder charge to second degree. The district court inquired whether Seaman understood the terms of the plea agreement. The district court advised Seaman of the rights he would be waiving by entering a guilty plea and further informed Seaman that the plea agreement, including the sentencing recommendation, was not binding upon the court. Seaman testified that it was his intent to plead guilty to second degree murder, and the district court accepted his guilty plea.

The sentencing hearing in Seaman's case was held after the original prosecutor had left office. A deputy prosecutor, who had not participated in the plea negotiations, appeared for the state and, contrary to the plea agreement, specifically argued that Seaman should receive a fixed life sentence. Defense counsel requested that the court impose a sentence of ten years' minimum confinement, to be followed by an indeterminate life term. After considering the recommendations of counsel, the district court sentenced Seaman to a term of fixed life. Although the defense did not object to the state's recommendation of fixed life at sentencing, Seaman's counsel immediately moved to withdraw the guilty plea on the ground that the state had failed to abide by the plea agreement. Despite testimony from the deputy prosecutor who was present at sentencing admitting the state's breach of the agreement, the district court concluded that the plea had been entered knowingly, voluntarily and without duress. Therefore, the district court denied the motion.

On appeal from the judgment of conviction and sentence, Seaman claims that he is entitled to specific performance of the plea agreement. Seaman asserts that the district court erred in holding that the guilty plea was valid even though the state breached the agreement not to recommend a fixed life sentence. The state responds that, having failed to object to the breach before sentence was imposed, Seaman cannot assert a right to relief for the state's breach of the plea agreement.

The issues raised by Seaman, and the state's arguments on the issues, are similar to those found in *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985). This Court in *Rutherford* held that the breach of a plea agreement by the state

affects the voluntariness of a guilty plea. *Id.* at 915, 693 P.2d at 1117. The Court there also held that the failure of the state to live up to its agreement arising out of a plea bargain is fundamental error and, therefore, the right to raise the issue on appeal is not waived by a defendant's failure to object to the error before the trial court. *Id.* See also *State v. White,* 97 Idaho 708, 714 n. 8, 551 P.2d 1344, 1350, *cert. denied,* 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976);

The state requests that we overrule the holding in *Rutherford* that an objection to a breach of a plea agreement by the state can be raised by the defendant for the first time on appeal. The state further requests that we adopt a rule that any such objection must be asserted in the trial court before sentence is imposed. It is not necessary, however, for us to revisit *Rutherford* to decide the present case. By his motion to withdraw the guilty plea filed after sentencing, Seaman sought to have the district court invalidate the guilty plea which formed the basis of his conviction. Thus, the district court had the first opportunity to redress the error claimed by Seaman. Therefore, this is not an appropriate case for us to reevaluate the holding of *Rutherford* allowing review of an error deemed fundamental which is raised for the first time on appeal.

We also reject the state's contention that Seaman waived any objection to the breach of the plea agreement by failing to object before sentence was imposed. Seaman did object later that same day by filing his motion to withdraw his guilty plea. We conclude that Seaman appropriately challenged his plea before the district court and thereby satisfied any prerequisite to appellate review of his allegedly invalid plea. The record is clear that the state did not uphold its promise in the plea agreement. It follows that, if Seaman pled guilty based upon that promise, he pled guilty on a false premise, and he is entitled to relief. Because Seaman has requested relief in the form of specific performance, and because he has shown that he is entitled to such relief under *Rutherford,* we conclude that specific performance of the plea agreement is an appropriate remedy in this case. *Rutherford,* 107 Idaho at 916, 693 P.2d at 1118. Having provided Seaman the relief he sought for breach of the plea agreement, we need not discuss whether Seaman is entitled to withdrawal of his guilty plea— his alternative request for relief—nor whether the sentence which we now vacate constitutes cruel and unusual punishment.

The sentence is hereby vacated and the case is remanded for resentencing.

WALTERS, C.J., and LANSING, J., concur.