918 P.2d 1227

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard CLAXTON, Defendant–Appellant.**

**No. 21752.**

Court of Appeals of Idaho.

May 14, 1996.

Petition for Review Denied July 24, 1996.

---

Manweiler, Bevis & Cameron, P.A., Boise, for appellant. David D. Manweiler, argued.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, (argued), Boise, for respondent.

Before WALTERS, C.J., LANSING, J., and SWANSTROM, J. Pro Tem.

PER CURIAM.

Richard Claxton appeals from an order denying his motion to dismiss an information charging him with lewd conduct with a minor under the age of sixteen, I.C. § 18-1508. For the reasons explained below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 1986, Richard Claxton was charged with lewd conduct with a minor under the age of sixteen, I.C. § 18-1508, for sexually abusing his fifteen year-old step-daughter. In October 1986, Claxton, his wife and his step-daughter entered into an agreement with the state and the Department of Health and Welfare, pursuant to I.C. § 16-1625 of the Child Protective Act (the Agreement). Under the Agreement, the state agreed to dismiss the charge without prejudice in exchange for the Claxtons' compliance with certain responsibilities, including that Claxton continue counseling and that his wife monitor Claxton's behavior and report any further incidents of abuse. The Agreement stated that if Claxton sexually abused the victim again, the state could take legal action "under the Child Protective Act and/or appropriate criminal statutes." The state filed a Stipulation for Dismissal of the charges, which incorporated the terms of the Agreement. The stipulation provided that if Claxton failed to comply with the terms of the stipulation and Agreement, the state could refile the dismissed criminal charge, "subject to the applicable statute of limitations."

In 1993, the victim's mother informed the state that Claxton had violated the Agreement by sexually abusing his step-daughter in November and December of 1986, in viola-

tion of the Agreement. At the hearing on Claxton's motion to dismiss, the victim testified that she did not tell her mother about the incidents until August of 1993 because she had moved into a foster home shortly after the 1986 incidents and feared the information would cause the break-up of her mother's marriage to Claxton and that her mother would suffer emotional distress.

In September 1993, Claxton was again charged with lewd conduct with a minor for the same conduct for which he was charged in July 1986. Claxton filed a motion to dismiss the charge, which the district court denied. Claxton entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2), reserving the right to appeal from the denial of his motion to dismiss.

Claxton appeals from the order denying his motion to dismiss, arguing that the state is barred from prosecuting him by the terms of the 1986 Agreement and double jeopardy protections, and by the statute of limitation as it existed in 1986. Claxton further argues that the district court erred in applying the definition of sexual "abuse" in the Child Protective Act in finding that Claxton had violated the Agreement by sexually abusing his step-daughter.

## II. ANALYSIS

### A. Double Jeopardy.

■ Claxton argues that the state was barred from prosecuting him by the double jeopardy protections provided in our state and federal constitutions and in I.C. § 18–301,[1] which was then in effect. However, the 1986 Agreement between Claxton and the state expressly provided that the state could refile the dismissed charge if Claxton failed to comply with the terms of the stipulation. Accordingly, we conclude that Claxton waived the defense of double jeopardy by entering into the Agreement.

### B. Application of the Child Protective Act.

■ As noted, the 1986 Agreement and associated stipulation for dismissal permitted

the state to refile the charge against Claxton if he committed further "sexual abuse of [the victim] or other minor children." In its findings of fact set forth at the March 21, 1994 hearing, the district court found that, after execution of the Agreement the victim had been again sexually abused as defined by I.C. § 16–1602(a)(2) of the Child Protective Act. Claxton argues that the district court erred in applying the definition of sexual "abuse" in the Child Protective Act. Claxton asserts that under the terms of the Agreement, the state could only refile charges against him if he committed "sexual abuse" as defined by I.C. § 18–1506, as the statute existed at the time the parties entered into the Agreement. This statute, Claxton asserts, was not violated because at the time of the second molestation the victim was sixteen years old. This argument is meritless.

The parties entered into the Agreement pursuant to the Child Protective Act. Moreover, the Agreement stated that "[i]t is acknowledged by all parties that [the victim] was sexually abused as defined in Idaho Code Section 16–1602(a)(2)." In addition, the Agreement states that if Claxton again sexually abused the victim, the state could take "legal action under the Child Protective Act and/or appropriate criminal statutes." Therefore, the parties clearly contemplated application of provisions from the Child Protective Act.

Claxton argues that the district court improperly "used a definition under the Child Protecti[ve] Act to impose criminal sanctions against [Claxton]." This argument is fallacious. The district court used provisions under the Child Protective Act in finding that Claxton had violated the Agreement. However, Claxton was charged under the Criminal Code. Consequently, the district court did not err in applying the definition of sexual abuse in the Child Protective Act.

### C. Statute of Limitation.

Claxton argues that the state was barred from prosecuting him for acts committed on

---

**1.** I.C. § 18–301 was repealed, effective February 13, 1995. *See* 1995 Idaho Sess.Laws, ch. 16, § 1, p. 22.

July 3, 1986, by the expiration of the statute of limitation which was in effect at the time of the commission of the acts.

The Stipulation for Dismissal stated, "THAT in the event [Claxton] fails to abide by the terms and conditions of this Stipulation, the State of Idaho may refile the above captioned criminal charge, subject to the applicable statute of limitations." Claxton interprets "the applicable statute of limitations" to mean that which existed at the time the Agreement was entered into, which expired five years from the date of the commission of the crime.[2] Under Claxton's theory, the statute of limitation would have expired on July 3, 1991, before the state's filing of the September 10, 1993, complaint.

The state argues that the "applicable statute of limitations" was that which existed at the time the state refiled charges against Claxton, which expired five years from the time the victim turned eighteen years old, i.e., when the victim turned twenty-three years old.[3] Under the state's theory, the statute of limitation would not have expired by the time the state filed its September 10, 1993, complaint because the victim did not turn twenty-three until October 6, 1993.

■ A plea agreement or stipulation for dismissal is contractual in nature and must be measured by contract law standards. See United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986); United States v. Ocanas, 628 F.2d 353, 358 (5th Cir.1980); cf. State v. Rutherford, 107 Idaho 910, 914, 693 P.2d 1112, 1116 (Ct.App.1985). Interpretation of an ambiguous document presents a question of fact. DeLancey v. DeLancey, 110 Idaho 63, 65, 714 P.2d 32, 34 (Ct.App.1986). Interpretation of an unambiguous document is a question of law, reviewed de novo. Id. The determination of whether a document is ambiguous is itself a question of law, reviewed de novo. Id. If a document is reasonably subject to conflicting interpretation, then it is ambiguous. Rutter v. McLaughlin, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980).

■ We conclude that the phrase, "applicable statute of limitations," is ambiguous as to whether it refers to the statute of limitation in effect at the time the stipulation was entered into or that in effect at the time the state brought charges. Therefore, we defer to the trial court's interpretation of the stipulation unless that interpretation constituted an abuse of discretion. We hold that the district court did not abuse its discretion in determining that the stipulation referred to the statute of limitation in effect at the time the state filed charges against Claxton. Accordingly, the state's charge was brought within the applicable limitation period.

Contrary to Claxton's assertion, this holding is consistent with State v. O'Neill, 118 Idaho 244, 796 P.2d 121 (1990). In O'Neill, the defendant, James O'Neill, argued that the statute of limitation which existed at the time he committed the crime was controlling and that application of the subsequent amendment of the statute of limitation to those acts charged was an ex post facto law. 118 Idaho at 245, 796 P.2d at 122. Our Supreme Court rejected O'Neill's argument, citing Clements v. United States, 266 F.2d 397 (9th Cir.), cert. denied, 359 U.S. 985, 79 S.Ct. 943, 3 L.Ed.2d 934 (1959), for the proposition that the extension of the statute of limitation prior to the expiration of the original statute is not an ex post facto law. Id. 118 Idaho at 246, 796 P.2d at 123. Our Supreme Court held that because the statute of limitation in effect at the time of the commission of the acts with which O'Neill was charged had not yet run, the extension of that time by the legislature was not an ex post facto law. Id. at 247, 796 P.2d at 124.

In the instant case, before expiration of the limitation which was in effect when Claxton committed the crime and at the time the parties signed the Agreement, the legislature extended the applicable statute of limitation

---

2. At the time Claxton committed the criminal acts, I.C. § 19–402 stated, in pertinent part, "A prosecution for any felony committed upon or against a minor child must be commenced within five (5) years after the commission of the offense by the filing of the complaint or a finding of an indictment."

3. I.C. § 19–402(2) states that "[a] prosecution under section 18–1506 or 18–1508, Idaho Code, must be commenced within five (5) years after the date the child reaches eighteen (18) years of age."

in 1989.[4] Therefore, pursuant to *O'Neill,* application of the current statute of limitation in this case is not an *ex post facto* law and is thus constitutional.

### III. CONCLUSION

We hold that, in entering into the Agreement with the state Claxton waived the defense of double jeopardy. Moreover, we conclude that the district court properly applied I.C. § 16–1602(a)(2) in finding that Claxton sexually abused the victim after signing the Agreement. Finally, we hold that the district court did not err in applying the statute of limitation in effect at the time the state refiled charges against Claxton rather than the limitation period which existed at the time Claxton committed the crime.

Accordingly, the order denying Claxton's motion to dismiss the state's information is affirmed.

---

**4.** *See* 1989 Idaho Sess.Laws, ch. 270, § 2, p. 659.