979 P.2d 1223

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Neil A. POTTS, Defendant–Appellant.**

No. 24476.

Court of Appeals of Idaho.

May 26, 1999.

Parmenter & Peterson, Blackfoot, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Pursuant to a plea agreement, Neil A. Potts pleaded guilty to a charge of felony injury to a child. At the sentencing hearing, he moved to withdraw his guilty plea on the ground that the prosecutor violated the agreement in making his sentencing recommendations. The district court denied Potts's motion, and Potts appeals.

Potts was indicted for one count of rape, Idaho Code § 18–6101, and one count of lewd conduct with a minor, Idaho Code § 18–1508. He subsequently negotiated an agreement with the prosecutor whereby Potts would plead guilty to a reduced charge of felony injury to a child, I.C. § 18–1501(1). As an additional term of the plea agreement, the prosecutor promised to make a sentencing recommendation that Potts serve two weeks in jail and then be placed on probation for an unspecified time. The prosecutor also agreed not to charge Potts with a probation violation in an unrelated case. In accordance with this agreement, Potts entered an *Alford* plea [1] to one count of felony injury to a child.

At the sentencing hearing, the prosecutor made the promised recommendation of two weeks' incarceration followed by probation, but then presented additional recommendations. Specifically, he recommended that the suspended portion of Potts's sentence should be "significant," and that Potts should be required to submit to a sex offender evaluation as a condition of probation. After hearing the prosecutor's remarks, and before the court pronounced sentence, Potts personally made an oral motion to withdraw his guilty plea,[2] based in part upon the prosecutor's statements.

The district court denied the motion and imposed a five-year unified sentence with a one-year minimum term of incarceration. The court did not suspend any portion of the

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. Potts was represented by counsel at the sentencing hearing, but counsel did not participate in the motion for withdrawal of the plea.

sentence. Potts now appeals the denial of his motion to withdraw his plea.

Potts contends that he was entitled to withdraw his guilty plea because the prosecutor breached the plea agreement by recommending that the suspended sentence be "significant" and by requesting that Potts be required to submit to a sex offender evaluation as a condition of probation.

 Since the United States Supreme Court's decision in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), it has been established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. This principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–44 (1984). *See also State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App. 1985). Thus, when the prosecution breaches its promise with respect to a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry,* 467 U.S. at 509, 104 S.Ct. at 2547, 81 L.Ed.2d at 443; *State v. Seaman,* 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994). As a remedy, the court may order specific performance of the plea agreement or may permit the defendant to withdraw the guilty plea. *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *Seaman,* 125 Idaho at 957, 877 P.2d at 928; *Rutherford,* 107 Idaho at 916, 693 P.2d at 1118.

 We conclude that the prosecutor's recommendation of sentencing terms additional to, and not inconsistent with, those specified in the plea agreement did not constitute a breach. When probation is granted following a judgment of conviction, it is inherent that there will be an underlying sentence which is suspended until the probation is either revoked or successfully completed.

*See* I.C. § 19–2601(2); *State v. Pedraza,* 101 Idaho 440, 443 n. 1, 614 P.2d 980, 983 n. 1 (1980). Therefore, an agreement to recommend probation encompasses a recognition that there will be a suspended sentence.[3] The suspended portion of a sentence will never be served, however, if the defendant succeeds on probation. Therefore, the prosecutor's recommendation that the suspended sentence be "significant" was not in conflict with his promise to recommend probation with service of two weeks in jail as a condition of the probation.

 Likewise, the opportunity for probation in lieu of a term of imprisonment always carries with it terms and conditions with which the probationer must comply, and these terms often include requirements for evaluations or treatment programs such as the sex offender evaluation requested by the prosecutor. When as here, the offense involves allegations of sexual molestation of a child, the defendant's submission to a sex offender evaluation or treatment is routinely required as a condition of probation. Therefore, the prosecutor's suggestion that Potts be required to submit to a sex offender evaluation as a condition of probation did not propose a burden beyond that which would normally be expected as a routine component of probation.

Because the prosecutor's additional recommendations were not inconsistent or incompatible with the plea agreement terms and did not expressly or impliedly signal dissatisfaction with, or an intent to retreat from, the agreement, we conclude that the plea agreement was not breached.

It follows that there was no error in the district court's denial of Potts's motion to withdraw his guilty plea. The district court's order is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN, CONCUR.

---

3. There is one exception to this general rule in that a court may place a defendant on probation when the court withholds judgment (and therefore imposes no sentence) pursuant to I.C. § 19– 2601(3). However, there is no contention here that the prosecutor agreed to recommend that the court withhold judgment.