16 P.3d 945

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rhonda Renae COLE, Defendant–Appellant.**

No. 25646.

Court of Appeals of Idaho.

Dec. 19, 2000.

Parmenter Associates, Blackfoot, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Rhonda Renae Cole appeals from the denial of her I.C.R. 35 motion. She argues that the state breached its agreement to remain silent at sentencing by opposing her motion for reduction of sentence. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 26, 1997, Cole was involved in the shooting death of her husband, Timo-thy. Cole was initially charged with murder in the first degree, I.C. §§ 18–4001, 18–4002, 18–4003; and an enhancement for use of a firearm in the commission of a felony, I.C. § 19–2520. Following a preliminary hearing, at which the state failed to establish probable cause for a charge of first or second degree murder, Cole was bound over to the district court on a charge of involuntary manslaughter, I.C. § 18–4006(2).

On December 1, 1998, the date set for jury trial, Cole entered a guilty plea to involuntary manslaughter pursuant to an agreement with the state. In exchange for Cole's guilty plea, the state agreed to remain silent at sentencing and to amend the charge to reflect that the crime was the result of negligence, rather than recklessness or carelessness. At sentencing, the state remained silent as promised in the plea agreement. The district court imposed a unified term of six years of imprisonment, with three years fixed, and a $10,000 fine.

Cole filed an I.C.R. 35 motion for reduction of sentence asserting that the sentence imposed had been excessive in light of the accidental nature of the offense.[1] Letters reflecting her good behavior while in custody supported her motion. At the hearing on her Rule 35 motion, counsel for Cole argued that she was in need of counseling for depression which is unavailable in prison, that the crime was an accident and that a more appropriate sentence would include retained jurisdiction. The state argued that the sentence was not unduly severe given the consequences of Cole's act—the death of a human being—and served the sentencing goals of protection of society, deterrence and punishment. Asserting that proceedings on a motion for reduction of sentence are a continuation of sentencing, Cole's counsel objected to the state's argument, noting that the state had agreed to remain silent at sentencing. The state argued that there is a recognized difference between a sentencing hearing and a hearing on a Rule 35 motion and that the state had not breached the terms of the plea agree-

---

1. Cole also requested credit for time served while on a home detention monitoring system. The state argued that Cole was not entitled to such credit under the holding of *State v. Climer*, 127 Idaho 20, 22–23, 896 P.2d 346, 348–49 (Ct.App. 1995) (credit for time served does not include prejudgment house arrest). Cole was denied any further credit for time served. This portion of the district court's ruling on Cole's Rule 35 motion is not argued on appeal.

ment with Cole. The district court denied Cole's Rule 35 motion. Cole appeals.

## II.

## THE STATE DID NOT BREACH ITS PLEA AGREEMENT TO REMAIN SILENT "AT THE TIME OF SENTENCING" BY ARGUING AGAINST COLE'S I.C.R. 35 MOTION FOR REDUCTION OF SENTENCE

As this court recently explained in *State v. Potts*, 132 Idaho 865, 867, 979 P.2d 1223, 1225 (Ct.App.1999):

> Since the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), it has been established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." This principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S. 504, 508–09, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). *See also State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). Thus, when the prosecution breaches its promise with respect to a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry*, 467 U.S. at 509, 104 S.Ct. 2543; *State v. Seaman*, 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App. 1994). As a remedy, the court may order specific performance of the plea agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. 495; *Seaman*, 125 Idaho at 957, 877 P.2d at 928; *Rutherford*, 107 Idaho at 916, 693 P.2d at 1118.

■ Cole argues that the state breached the plea agreement by opposing the Rule 35 motion. She contends that the Rule 35 proceeding is a continuation of the sentencing process and thus the state's agreement to remain silent at sentencing had continuing force and effect. The only contemporaneous reference to the terms of the plea agreement is in the transcript of the hearing at which Cole entered her guilty plea. At that hearing, the district court handed Cole a change of plea questionnaire consisting of twenty-six questions, which Cole filled out in her own hand. The court then proceeded to examine Cole about her responses to the questions, including the following:

> THE COURT: Has any person promised you that you will receive any special sentence, reward, favorable treatment, or leniency with regard to the plea that you have entered?
>
> THE DEFENDANT: No.
>
> THE COURT: It is my understanding that—and you have written on here that the Prosecutor has agreed that he will remain silent at the time of sentencing and it is understood defense counsel will recommend a withheld judgment and probation.
>
> THE DEFENDANT: Yes.

After some additional questioning about the voluntariness of her decision, the district court accepted her guilty plea. Apparently, the only writing memorializing the terms of the plea agreement is the district court's characterization of Cole's own handwritten reference to the state's promise that the prosecutor "will remain silent at the time of sentencing." At the hearing on Cole's Rule 35 motion, counsel for Cole referenced the guilty plea questionnaire, asserting that questions 21, 22, or 23 addressed the terms of the plea negotiations. We note that Cole has failed to include the guilty plea questionnaire in the record on appeal.

■ It is axiomatic that an appellant bears the burden of furnishing a record on appeal to substantiate a claim of error. *State v. Stover*, 126 Idaho 258, 265, 881 P.2d 553, 560 (Ct.App.1994); *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App. 1985). Accordingly, we accept as unchallenged that the terms of the plea agreement are exactly as characterized by the district court in the record, that the "[p]rosecutor has agreed that he will remain silent at the time of sentencing."

■ A similar issue was discussed in *State v. Lankford*, 127 Idaho 608, 903 P.2d

1305 (1995). As the Idaho Supreme Court noted therein, there are two lines of authority as to whether the state's agreement to maintain a certain position at sentencing forecloses its ability to take an inconsistent position at a post-sentencing proceeding such as a motion for reduction of sentence. *Id.* at 614, 903 P.2d at 1311. The two lines of cases only disagree about whether, in the individual case, the post-sentencing proceeding was contemplated in the negotiations of the parties. *Id.* at 615, 903 P.2d at 1312. From this Court's review of the competing lines of authority, the determination of whether the government breaches an agreement to remain silent at sentencing generally turns on the language of the plea agreement itself; and where that language is ambiguous, the ambiguity will be resolved in favor of the defendant. *United States v. Feigenbaum,* 962 F.2d 230, 234 (2nd Cir.1992).

In *Feigenbaum,* the entire issue was whether the government's agreement to remain silent "at the time of sentencing" could be reasonably understood as precluding the government from opposing Feigenbaum's F.C.R. 35 motion for reduction of sentence. Concluding that the language "at the time of sentencing" was an unambiguous reference to the sentencing hearing itself, the Second Circuit affirmed the district court's denial of Feigenbaum's motion for reduction of sentence. The Second Circuit's resolution of the very language at issue here presents a reasoned approach to the instant case. Accordingly, we hold that the state's plea agreement with Cole was not breached when the state opposed Cole's motion for reduction of sentence after having honored its promise to "remain silent at the time of sentencing." *See also State v. Stringer,* 126 Idaho 867, 871, 893 P.2d 814, 818 (Ct.App.1995). Thus, the district court's exercise of discretion in denying Cole's Rule 35 motion is not subject to attack on that basis.

## III.

## DENIAL OF COLE'S MOTION FOR REDUCTION OF SENTENCE

■ Cole argues that the district court abused its discretion in denying her Rule 35 motion for reduction of sentence. A motion to reduce an otherwise lawful sentence is "essentially a plea for leniency, and a decision on such a motion is vested within the sound discretion of the sentencing court." *State v. Wersland,* 125 Idaho 499, 504, 873 P.2d 144, 149 (1994); *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App. 1991). In reviewing the denial of a Rule 35 motion, we determine whether the trial court abused its discretion, applying the same standards that are used to evaluate the reasonableness of the original sentence. *State v. Shiloff,* 125 Idaho 104, 107, 867 P.2d 978, 981 (1994). Those standards are well established and need not be repeated here.

■ Cole's basis for seeking a reduction of sentence—that the crime was an accident over which she has great remorse—was argued at sentencing. The only new information presented with the Rule 35 motion was a letter from her counselor suggesting that incarceration might exacerbate her depression and reports from the Department of Correction indicating that Cole is a compliant and well-mannered inmate. After a hearing on Cole's Rule 35 motion and consideration of the information submitted at sentencing, the district court explained that a lesser sentence would depreciate the seriousness of the crime. Retribution and deterrence are legitimate sentencing factors. Accordingly, we conclude that the district court did not abuse its discretion in denying Cole's motion for reduction of sentence.

## IV.

## THE ISSUE OF WHETHER THE DISTRICT JUDGE SHOULD HAVE RECUSED HIMSELF IS NOT PROPERLY BEFORE THIS COURT

■ Finally, Cole argues for the first time on appeal that the district judge should have recused himself because he had a previous association with the victim's family as an attorney prior to becoming a district judge. Issues that are not raised below will not be considered for the first time on appeal. *State v. Lavy,* 121 Idaho 842, 845, 828 P.2d 871, 874 (1992). Accordingly, this issue is

not properly before this court and we will not address it.

## V.

## CONCLUSION

The state did not breach its plea agreement with Cole by arguing against her I.C.R. 35 motion. The denial of Cole's motion for reduction of sentence is affirmed.

Chief Judge PERRY and Judge LANSING concur.

