52 P.3d 886

STATE of Idaho, Plaintiff–Respondent,

v.

Jason Howard FUHRIMAN,
Defendant–Appellant.

No. 27682.

Court of Appeals of Idaho.

Aug. 7, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Nancy C. Luebbert, Special Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Jason Howard Fuhriman pleaded guilty to possession of a controlled substance, methamphetamine, I.C. § 37–2732(c)(1), pursuant to a plea agreement with the state. Fuhriman appeals from his judgment of conviction alleging, *inter alia*, that the state breached the plea agreement. Fuhriman also challenges the length of his sentence and the denial of his Rule 35 motion for reduction of sentence. We affirm.

## I.

## FACTS AND PROCEDURAL HISTORY

Fuhriman was charged with possession of methamphetamine. Fuhriman originally pleaded not guilty to the charge, but agreed to change his plea on the condition that the parties would jointly recommend "not more than a rider." [1] The plea agreement was not reduced to writing. At Fuhriman's change of plea hearing, defense counsel informed the court that Fuhriman would be pleading

guilty subject to the parties' joint recommendation of "not more than a rider." The record reveals no other assurances or statements from the state concerning the plea agreement. The court accepted Fuhriman's guilty plea.

At sentencing, defense counsel began by recommending that the court place Fuhriman on probation, and urged the court to consider the joint recommendation of not more than retained jurisdiction if it decided not to place Fuhriman on probation. The state followed, acknowledging its obligation to recommend "not more than a rider," and further recommended that Fuhriman receive an underlying sentence of seven years with four years determinate. Fuhriman did not object to the state's recommendation. Instead, defense counsel argued for "something less than the four years fixed and retained jurisdiction." The district court imposed a unified six-year sentence with three years determinate. Fuhriman filed a timely Rule 35 motion for reduction of his sentence, which the district court denied. Fuhriman appeals.

## II.

## ANALYSIS

### A. The Plea Agreement

In *State v. Potts*, 132 Idaho 865, 979 P.2d 1223 (Ct.App.1999), we summarized the law governing claims that the government breached a plea agreement:

Since the United States Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), it has been established that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.' *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. This principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S.

---

1. "Rider" refers to the program under I.C. § 19–2601 that allows the district court to retain jurisdiction over the defendant for up to 180 days while he is evaluated at a boot camp program run by the Idaho Department of Corrections.

504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–44 (1984). *See also State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). Thus, when the prosecution breaches its promise with respect to a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry,* 467 U.S. at 509, 104 S.Ct. at 2547, 81 L.Ed.2d at 443; *State v. Seaman,* 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994). As a remedy, the court may order specific performance of the plea agreement or may permit the defendant to withdraw the guilty plea. *Santobello,* 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *Seaman,* 125 Idaho at 957, 877 P.2d at 928; *Rutherford,* 107 Idaho at 916, 693 P.2d at 1118.

*Potts,* 132 Idaho at 867, 979 P.2d at 1225.

■ A plea agreement is contractual in nature and thus is measured by contractual standards. *State v. Holdaway,* 130 Idaho 482, 484, 943 P.2d 72, 74 (Ct.App.1997); *State v. Claxton,* 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct.App.1996). Interpretation of an unambiguous plea agreement is a question of law reviewed *de novo. Claxton,* 128 Idaho at 785, 918 P.2d at 1230. The determination of whether a plea agreement is ambiguous is also a question of law reviewed *de novo. Id.* Breach of a plea agreement by the state is fundamental error and therefore, a defendant's failure to object below does not preclude him from raising the issue for the first time on appeal if the record provided is sufficient for that purpose. *State v. Brooke,* 134 Idaho 807, 809, 10 P.3d 756, 758 (Ct.App. 2000); *State v. Kellis,* 129 Idaho 730, 734, 932 P.2d 358, 362 (Ct.App.1997). It is not until this appeal that Fuhriman raises the issue of the state's sentencing recommendations being a breach of the plea agreement. Normally, an issue must be preserved below before we can consider its merits on appeal, *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997), but because the breach of a plea agreement raises the specter of fundamental error, we are able to consider the merits of Fuhriman's appeal. *Brooke,* 134 Idaho at 809, 10 P.3d at 758.

■ Fuhriman makes two arguments on appeal supporting his assertion that the state breached the plea agreement. First, Fuhriman claims that the agreement prohibited the state from recommending the terms of the underlying sentence. Second, Fuhriman claims the state breached the agreement by giving it "lip service" while simultaneously urging a harsh underlying sentence.

■ This Court addressed a similar situation in *State v. Potts,* 132 Idaho at 867, 979 P.2d at 1225. While the language of the plea agreement in *Potts* differs from the language of Fuhriman's plea agreement, *Potts'* analysis is still instructive. Potts pleaded guilty to felony injury to child, pursuant to a plea agreement in which the prosecutor promised to recommend two weeks incarceration followed by probation. At sentencing, the prosecutor made the agreed upon recommendation, but also recommended that the suspended portion of Potts' sentence be "significant" and that Potts submit to a sex offender evaluation as a condition of his probation. Upon hearing the prosecutor's recommendation, Potts moved to withdraw his plea on the grounds that the prosecutor breached their plea agreement. The district court denied the motion and imposed a unified five-year sentence with one year determinate and did not suspend any portion of Potts' sentence. We held that the "prosecutor's recommendation of sentencing terms additional to, and not inconsistent with, those specified in the plea agreement did not constitute a breach." *Id.,* 132 Idaho at 867, 979 P.2d at 1225. We further explained:

> When probation is granted following a judgment of conviction, it is inherent that there will be an underlying sentence which is suspended until the probation is either revoked or successfully completed. Therefore, an agreement to recommend probation encompasses a recognition that there will be a suspended sentence. The suspended portion of a sentence will never be served, however, if the defendant succeeds on probation. Therefore, the prosecutor's recommendation that the suspended sentence be "significant" was not in conflict with his promise to recommend probation with service of two weeks in jail as a condition of the probation.

*Id.,* 132 Idaho at 867, 979 P.2d at 1225 (citations and internal footnote omitted).

In Fuhriman's case, the agreement to recommend "not more than a rider" also implicitly recognized that there would be an underlying sentence. As in *Potts,* the plea agreement did not address the terms of the underlying sentence. Unlike *Potts,* Fuhriman did not object to the state's sentencing recommendations or move to withdraw his plea based on a breach of the plea agreement at the time of his sentencing. Moreover, contrary to Fuhriman's assertion, the transcript shows that the prosecutor acknowledged and fulfilled his obligation to recommend that Fuhriman be placed on a rider.

If analyzed in isolation from the rest of the record, the language "no more than a rider" might be subject to an interpretation that would have prevented the state from making any recommendation beyond a rider. Here, however, the parties' conduct as reflected by the record removes any apparent ambiguity from the agreement. The record reveals that the parties did not intend the plea agreement to preclude them from making recommendations regarding Fuhriman's underlying sentence—both parties did so at Fuhriman's sentencing hearing and no objection was raised. Fuhriman never registered an objection to the state's recommendation below or sought to withdraw his guilty plea by filing a post-sentencing motion. Even when Fuhriman filed a Rule 35 motion for reduction of his sentence, he didn't base it on any alleged breach of the plea agreement, but merely requested a sentence reduction as a matter of leniency. Therefore, we conclude that the plea agreement was not ambiguous and did not prohibit the state from recommending an underlying sentence for Fuhriman. Accordingly, the state's recommendation of sentencing terms did not constitute a breach of its plea agreement with Fuhriman, nor did the state's sentencing recommendation undercut the agreed upon joint recommendation that Fuhriman be placed on a rider.

 Fuhriman next contends that the state breached the plea agreement by opposing his Rule 35 motion for sentence reduc-

tion. The determination of whether the state breached a plea agreement by its conduct at a post-sentencing proceeding "generally turns on the language of the plea agreement itself; and where that language is ambiguous, the ambiguity will be resolved in favor of the defendant." *State v. Cole,* 135 Idaho 269, 272, 16 P.3d 945, 948 (Ct.App.2000). Having already concluded that the plea agreement was not ambiguous, we decline Fuhriman's invitation to imply additional terms, *viz.,* that the state was prohibited from opposing his Rule 35 motion, that the parties did not articulate at the time the agreement was entered. Further, the record does not indicate that the state made any affirmative sentencing recommendation at the Rule 35 hearing. Instead, it merely argued that the court's previous sentence was reasonable. Therefore, the state's only affirmative recommendations were made at Fuhriman's sentencing hearing and were, as we previously concluded, in addition to but not inconsistent with, the plea agreement.

## B. Sentence Review

 Fuhriman argues that the district court abused its discretion in imposing a unified six-year sentence with three years determinate, given his remorse and desire for treatment. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett,* 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an exces-

746

sively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ The issue before this Court is not whether the sentence is one that we would have imposed on Fuhriman, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill,* 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* Given Fuhriman's extensive criminal record, we cannot say that the district court abused its discretion. Therefore, Fuhriman's sentence is affirmed.

**C. Denial of Fuhriman's Rule 35 Motion**

■ An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982).

■ If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *Hernan-*

*dez,* 121 Idaho at 117, 822 P.2d at 1014. Here, Fuhriman did not present the district court with any new information in support of his Rule 35 motion. Having already upheld Fuhriman's initial sentence, we now conclude that the district court did not abuse its discretion in denying his Rule 35 motion. Accordingly, we affirm the district court's denial of Fuhriman's Rule 35 motion.

### III.

### CONCLUSION

The record establishes that the parties did not intend to prohibit underlying sentencing recommendations as a term of the plea agreement. Therefore, we conclude that the state did not breach its plea agreement with Fuhriman when it made a sentencing recommendation that included an underlying period of confinement or when it opposed his Rule 35 motion for sentence reduction. Fuhriman also has failed to show that the district court abused its discretion either in imposing its initial sentence or in its subsequent denial of his Rule 35 motion. Accordingly, Fuhriman's judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge LANSING concur.