**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45483/45484**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMIE LYNN BENNETT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgments of conviction and sentences for burglary and criminal possession of financial transaction card, and district court's order denying I.C.R. 35 for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

In these consolidated appeals, Jamie Lynn Bennett appeals from the judgments of conviction and sentences for burglary and criminal possession of a financial transaction card, and from the district court's order denying her Idaho Criminal Rule 35 motion for reduction of sentence. Bennett asserts that (1) the State breached the plea agreements between the parties, (2) the district court abused its discretion when it imposed Bennett's sentences, and (3) the district court erred in denying her I.C.R. 35 motion. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bennett appeals from two cases which arise out of separate incidents. In the first case, an individual (victim) reported a debit card had been stolen out of her purse while she was at a

1

fitness facility. After further investigation, police discovered that several attempts had been made to use the card on the date that it was stolen. Later, police identified Bennett as the individual who took the debit card, and during questioning, Bennett admitted taking the debit card. Consequently, the State charged Bennett with grand theft of a financial instrument (Count I), three counts of burglary (Counts II, III, and IV), and a persistent violator enhancement. Pursuant to an I.C.R. 11 plea agreement, Bennett agreed to plead guilty to burglary, Idaho Code § 18-1401, and the State agreed to dismiss the remaining charges and make a sentencing recommendation not to exceed a rider.

In the second case, it was alleged that Bennett had taken a restaurant patron's credit card and used it several times at a variety of local businesses. The State charged Bennett with criminal possession of a transaction card (Count I), grand theft by acquiring lost property (Count II), and a persistent violator enhancement. Pursuant to an I.C.R. 11 plea agreement, Bennett agreed to plead guilty to criminal possession of a financial transaction card, I.C. § 18-3125, and as in the first case, the State agreed to dismiss the remaining charges and make a sentencing recommendation not to exceed a rider. The parties and the district court agreed to sentence Bennett in both cases at the same time. In both cases, the State agreed to recommend "NTE Rider," meaning "not to exceed rider" (i.e., retained jurisdiction). At the sentencing hearing, both parties made their recommendations. Bennett did not object to the State's sentencing argument or recommendation. The district court sentenced Bennett to ten years with two years determinate for the burglary charge. For criminal possession of a financial transaction card, the district court sentenced Bennett to a concurrent term of five years with two years determinate. Bennett filed an I.C.R. 35 motion for a reduction of her sentence, applicable to both cases. The district court denied her I.C.R. 35 motion. Bennett timely appeals.

## II.

## ANALYSIS

Bennett argues that (1) her right to due process was violated at the sentencing hearing when the State breached the plea agreements which resulted in a harsher sentence than that to which she had agreed, (2) the district court abused its discretion in imposing her sentence, and (3) the district court abused its discretion when it denied her I.C.R. 35 motion.

2

A.      **Plea Agreements**

Bennett argues, for the first time on appeal, that the State breached the plea agreements during the sentencing hearing and the "unobjected-to failure of the State to follow the terms of the Rule 11 plea agreements resulted in a sentence above and beyond what Ms. Bennett bargained for, and constitutes fundamental error." Specifically, Bennett asserts that the prosecutor did not recommend a sentence not to exceed a rider. In response, the State argues Bennett has failed to show that the prosecutor breached the plea agreements and that the alleged breach constitutes fundamental error.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

With respect to the first prong of the *Perry* analysis, Bennett argues that the State's sentencing recommendation breached the plea agreements thereby violating her constitutional right to due process. When the State breaches its obligation under a plea agreement to recommend a specific sentence, it violates the defendant's due process rights. *Puckett v. United States*, 556 U.S. 129, 136 (2009). Therefore, we must determine whether the State breached the plea agreements in this case.

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Like a contract, a valid plea agreement binds the State to perform the promised obligations. *Puckett*, 556 U.S. at 137. The State's failure to comply with its obligations constitutes a breach of the agreement and entitles the defendant to appropriate relief. *Id.* As a remedy, the court may order

3

specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263; *State v. Jones*, 139 Idaho 299, 302, 77 P.3d 988, 991 (Ct. App. 2003).

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. *United States v. Benchimol*, 471 U.S. 453, 455 (1985); *Jones*, 139 Idaho at 302, 77 P.3d at 991. A prosecutor may not circumvent a plea agreement through words or actions that convey a reservation about a promised recommendation and may not impliedly disavow the recommendation as a position no longer supported by the prosecutor. *Jones*, 139 Idaho at 302, 77 P.3d at 991. Although prosecutors need not use any particular form of expression in recommending an agreed sentence, their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse. *Id.*

Here, the plea agreements in Bennett's cases required that the State's recommendation was not to exceed a rider. At the sentencing hearing, the prosecutor's argument consisted of the following:

> Thank you, Your Honor. This is a terrible record, as indicated in the PSI. This appears to be at Page 7, seven, now eight felony convictions. Seventeen misdemeanor convictions. And two more misdemeanor cases pending.
>
> The report, I'm sure the Court has reviewed. I'm not gonna regurgitate what happened in this case or cases.
>
> You get down to Page 20 in the PSI, some of the summary, it says that she does present as a glib, charming and likable individual who simply has made some poor choices in her life due to difficult circumstances and financial strain. However, when looking at her over-all pattern of behavior and speaking with individuals who know her and who have been victimized by her, it becomes apparent that though she presents well, she is very self-serving, antisocial mind set.
>
> The next paragraph, "She has displayed a remarkable criminal versatility. Multiple charges pending in various jurisdictions. And appears to have little remorse--genuine remorse for her actions. It appears that her behavior has been escalating. She poses a significant threat to the community and is not a good candidate for probation at this time."
>
> The State would recommend five years fixed, five years indeterminate, total underlying of ten years.
>
> No objection to a retain[ed] jurisdiction if the Court feels it's warranted.
>
> Recommend those on both cases to run concurrent.

4

First, Bennett argues that her "plea rested on the State's promise to recommend a sentence no harsher than a rider, yet the State recommended prison." Second, Bennett claims that even if this Court determines the statement, "no objection to a retain[ed] jurisdiction if the Court feels its warranted," is not a clear breach of the plea agreement, the State's focus during argument on "negative aspects" of Bennett's PSI effectively disavowed a recommendation for retained jurisdiction.

We conclude that the State did not breach the plea agreement. Contrary to Bennett's first assertion, the State did not expressly recommend prison. Rather, the prosecutor referred to its recommendation for ten-year unified sentences as an "underlying" sentence, thereby implying a recommendation of probation or a rider. This is proper as the parties' agreement that the State recommend "not more than a rider" implicitly recognizes that there would be an underlying sentence. *State v. Fuhriman*, 137 Idaho 741, 745, 52 P.3d 886, 890 (Ct. App. 2002). The district court itself identified the State's sentencing recommendation obligation:

| | |
|---|---|
| [Defense counsel]: | I believe the State would then be dismissing the grand theft charge. And then the State would agree to not exceed a Rider. |
| | . . . . |
| The Court: | Okay. I have been handed the Pretrial Settlement Agreement in Case No. 17-10118, indicating that there will be a plea of guilty to Count I, Possession of a Financial Transaction Card. She's waived her right to appeal the conviction. Any restitution, if applicable. She waived her right to preliminary hearing. The State is agreeing to a sentence recommendation not to exceed a Rider and to dismiss--or not file enhancement charges and Count II. That appears to be the agreement. Is that the agreement as far as the State is concerned? |
| [Prosecutor]: | It is, Your Honor. |

After recommending the underlying sentence, the prosecutor confirmed with the court that it had "no objection to a retain[ed] jurisdiction, if the Court feels it's warranted." The prosecutor was bound to recommend nothing more than a rider and he did so. Although Bennett takes issue with the prosecutor's statement "if the Court feels it's warranted," sentencing determinations are within the sound discretion of the trial judge and the prosecutor's recognition of that fact does not constitute a breach of the plea agreement.

Contrary to Bennett's second assertion, the prosecutor did not impliedly disavow the plea agreement by advocating for a sentence harsher than agreed upon. The prosecutor was allowed

5

to point to information in the presentence investigation report (PSI) to support its underlying sentence recommendation. *State v. Stocks*, 153 Idaho 171, 174-75, 280 P.3d 198, 201-02 (Ct. App. 2012). This is especially true given the fact that the PSI investigator agreed with the State that Bennett was not a good candidate for probation and in light of the anticipated recommendation of defense counsel. *Id.* The prosecutor's argument supported the State's recommendation and the State asked for no more than what was agreed to. Thus, there was no implied breach of the plea agreement. Moreover, irrespective of the first prong of *Perry*, under prong two, "the requirement that a violation be 'clear' all but definitively defeats a claim of an implied violation of the type that [Bennett] advances here." *Stocks*, 153 Idaho at 174, 280 P.3d at 201. Consequently, Bennett's second assertion also fails under prong two of *Perry*. Because Bennett has failed to show a clear violation of her unwaived constitutional rights, we need not address the remaining prongs of the *Perry* fundamental error analysis.

## B. Sentencing

Bennett acknowledges that her sentences do not exceed the statutory maximum, but nonetheless argues that the sentences imposed by the district court were overly harsh and unnecessary in light of mitigating evidence. Specifically, Bennett claims that her sentences were excessive in light of her acceptance of responsibility, apology, past successes on probation and a rider, need for rehabilitation, homelessness, lack of family support, and her overstated criminal record that primarily stemmed from one case.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public

interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As noted above, the district court sentenced Bennett to a term of ten years with two years determinate for the burglary conviction, and a concurrent five-year sentence with two years determinate for the criminal possession of a financial transaction card conviction. The sentences imposed by the district court were not unreasonable upon review of the facts of the cases. The district court expressly considered Bennett's extensive criminal history, the PSI, and the sentencing objectives before imposing Bennett's sentences. Upon review of Bennett's criminal history the court stated, "I see someone with a terrible record in front of me, plus sentencing for two additional theft charges here today. Several felonies. Apparently eight felony convictions, seventeen misdemeanors. And it appears the majority of these are theft offenses." The district court read the PSI and reviewed the PSI investigator's conclusion that Bennett was a "threat to society" and has a "high potential for recidivism."[1] In response, the district court stated, "I think that both those conclusions are entirely correct, just based upon your history." The district court found that the protection of the public, deterrence to Bennett, and deterrence to the general public were the overriding factors in this case.

The district court articulated its reasons when it acknowledged that Bennett had been on a rider before and that "doesn't seem to have helped anything" with regard to her criminal conduct. The court stated "[n]ormally if [he] were to send someone on a Rider, that rehabilitation is certainly an overriding factor," however Bennett does not seem to have a substance abuse problem. The court explained that "I'm certainly one who believes in giving people . . . second and third chances," however, considering the record in this case "incarceration is required." We agree. Bennett has failed to demonstrate that the sentences are unreasonable. Based upon an independent review of the record, we conclude that the sentences imposed are adequate to protect societal interests and further the sentencing objectives; thus, the district court did not abuse its discretion in imposing Bennett's sentences.

---

[1] Because Bennett signed the plea agreement and pled guilty to criminal possession of a financial transaction card during the sentencing hearing for the burglary conviction, the parties agreed to waive a presentence report for that conviction and proceed to sentencing on both convictions. Thus, the PSI relates only to the burglary charge.

**C.      Idaho Criminal Rule 35 Motion**

Bennett argues that the district court abused its discretion in denying her I.C.R. 35 motion because she presented new or additional information to show that her sentences are excessive. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

In support of her I.C.R. 35 motion, Bennett testified that since her sentencing she had been on good behavior while incarcerated, had been an inmate worker, was involved in the work preparation program, and was striving to work and save money to secure a job and housing upon her return to the community. Based upon those factors, Bennett requested that the district court reduce her indeterminate terms. The district court found that those reasons did not justify reduction of Bennett's sentences. Upon review of the record, we conclude that no abuse of discretion has been shown.

## III.

## CONCLUSION

Bennett has failed to show a violation of her unwaived constitutional rights. Moreover, Bennett has failed to show that the district court abused its discretion when it imposed her sentences or denied her I.C.R. 35 motion. Therefore, Bennett's judgments of conviction and sentences for burglary and criminal possession of a financial transaction card and the district court's order denying Bennett's I.C.R. 35 motion are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.