10 P.3d 756

STATE of Idaho, Plaintiff–Respondent,

v.

Steve W. BROOKE, Defendant–Appellant.

No. 25616.

Court of Appeals of Idaho.

Sept. 8, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Susan R. Brindle, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

In this appeal Steve W. Brooke contends that his guilty plea to a felony should be set aside because the prosecutor breached the plea agreement. Additionally, Brooke argues that his sentence is excessive.

## BACKGROUND

Brooke was charged with sexual abuse of a child under the age of sixteen, Idaho Code § 18–1506, based on allegations that he fondled the breasts of his thirteen-year-old stepdaughter. Brooke subsequently entered into a plea agreement with the State by which he agreed to plead guilty to the amended charge of battery with intent to commit a serious felony, I.C. §§ 18–903, –911. In exchange, the prosecutor agreed to make a sentencing recommendation of "a one-year fixed penitentiary sentence, zero indeterminate; suspended, give him credit for time served, and have him do a psychosexual eval prior to sentencing."

At the sentencing hearing, the prosecutor acknowledged the terms of the plea agreement and made a recommendation for a one-year determinate term, suspended, with credit for time (272 days) that Brooke had served in prejudgment incarceration. The prosecutor presented additional argument, however, in which he expressed concerns about information in the report on Brooke's psychosexual evaluation, and the prosecutor asked that the district court place Brooke on "a highly supervised probation" and to require that Brooke participate in a sex offender treatment program. The district court imposed a unified twelve-year sentence with a four-year determinate term.

Brooke now appeals, contending that the prosecutor's comments about the psychosexual evaluation, and his recommendation of probation with sex offender treatment as a condition of probation, violated the plea agreement. As a consequence, Brooke contends, he should be allowed to withdraw his guilty plea. In the alternative, Brooke also argues that the sentence he received is excessive and should be reduced by this Court.

## ANALYSIS

### A. Breach of Plea Agreement

We recently summarized the law governing claims that the prosecution breached a plea agreement:

Since the United States Supreme Court's decision in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), it has been established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. This principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–44 (1984). *See also State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). Thus, when the prosecution breaches its promise with re-

spect to a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry,* 467 U.S. at 509, 104 S.Ct. at 2547, 81 L.Ed.2d at 443; *State v. Seaman,* 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994).

*State v. Potts,* 132 Idaho 865, 867, 979 P.2d 1223, 1225 (Ct.App.1999).

Brooke did not move to withdraw his guilty plea or otherwise present to the district court his claim that the prosecutor's remarks at the sentencing hearing violated the terms of the plea bargain. However, this omission to raise the issue below does not preclude our considering the matter on appeal. We have held that a breach of a plea agreement by the State is fundamental error, and therefore a defendant's failure to seek relief in the trial court does not waive the right to raise the issue for the first time on appeal. *State v. Rutherford,* 107 Idaho 910, 915–16, 693 P.2d 1112, 1117–18 (Ct.App. 1985). Therefore, we will address an allegation of a breach of a plea bargain that is first asserted on appeal if the record before us is sufficient for that purpose. *See State v. Kellis,* 129 Idaho 730, 733–34, 932 P.2d 358, 361–62 (Ct.App.1997) (declining to address the claim that had not been raised before the trial court because the record on appeal was ambiguous regarding the terms of the plea agreement and did not unequivocally establish the State's obligations thereunder). Here, the transcript of the plea hearing adequately establishes the terms of the plea agreement, and we therefore will address Brooke's claim that the prosecutor violated the plea bargain.

Brooke argues that the prosecutor's recommendation that Brooke be placed on probation, with a requirement for sex offender treatment, was inconsistent with the prosecutor's agreement to recommend a one-year fixed sentence, suspended, with credit for time served. We disagree.

A recommendation for a suspended sentence implicitly contemplates probation, for the suspension of a sentence is always accompanied by an order of probation. The statute that authorizes suspension of a sentence as a sentencing option, I.C. § 19–2601(2), empowers a court to "suspend the

execution of the judgment ... *and* place the defendant on probation under such terms and conditions as it deems necessary and expedient." (Emphasis added.) The conjunctive "and" in this statute indicates that the suspension of a sentence is always to be accompanied by an order of probation. Moreover, it is inherent in the concept of a suspended sentence that the suspension can be revoked, and the sentence executed, if the defendant does not comply with conditions of the suspension. If the "suspension" were not revocable, it would not be a suspension but, rather, a commutation of the sentence. We have noted that "an agreement to recommend probation encompasses a recognition that there will be a suspended sentence." *Potts,* 132 Idaho at 867, 979 P.2d at 1225. Here, we hold the converse—that an agreement to recommend a suspended sentence encompasses a recognition that there will be probation. Thus, the prosecutor's request for probation was not a term that was inconsistent with, or even in addition to, the recommendation for a suspended sentence which was an express term of the plea agreement.

We also conclude that the prosecutor's recommendation that Brooke be ordered into a sex offender treatment program as a condition of probation was not a breach of the plea agreement. We addressed a similar issue in *Potts,* where we stated:

> [T]he opportunity for probation in lieu of a term of imprisonment always carries with it terms and conditions with which the probationer must comply, and these terms often include requirements for evaluations or treatment programs such as the sex offender evaluation requested by the prosecutor. When as here, the offense involves allegations of sexual molestation of a child, the defendant's submission to a sex offender evaluation or treatment is routinely required as a condition of probation. Therefore, the prosecutor's suggestion that Potts be required to submit to a sex offender evaluation as a condition of probation did not propose a burden beyond that which would normally be expected as a routine component of probation.

*Potts,* 132 Idaho at 867, 979 P.2d at 1225.

Finally, we are unpersuaded that the prosecutor's discussion of Brooke's psychosexual evaluation report conflicted with the prosecutor's obligations under the plea bargain. The requirement that there be a presentencing psychosexual evaluation was one of the terms of the plea agreement. It was obviously something that the parties expected the court to consider in rendering sentence. The prosecutor's commentary does not amount to a retreat from the sentencing recommendation promised in the plea agreement. It was, rather, an explanation of the prosecutor's reasons for asking the court to impose a requirement of sex offender treatment as a probation term. In *State v. Richards,* 127 Idaho 31, 896 P.2d 357 (Ct.App. 1995), we held that an agreement by the prosecutor to make no sentencing recommendation "does not constitute an agreement to stand entirely silent." *Id.* at 40, 896 P.2d at 366. We stated that "[u]nless the State has specifically agreed to the contrary, the prosecutor may legitimately refer to information relevant to the sentencing determination and may permissibly refer to the objectives of sentencing." *Id.* Likewise, in Brooke's case, the plea agreement did not forbid the prosecutor to refer to information in the presentence investigation report or the psychosexual evaluation report.

Accordingly, we hold that the prosecutor's comments and recommendations in this case were not inconsistent or incompatible with the plea bargain, and Brooke therefore is not entitled to withdraw his guilty plea.

### B. Sentence Review

Brooke also contends that the district court abused its discretion by imposing an excessive sentence.

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). It is the defendant's burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related

goals of deterrence, rehabilitation and retribution. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). For purposes of appellate review, we consider the minimum period of confinement as the probable duration of incarceration. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Where reasonable minds might differ as to the length of the sentence, we will not substitute our view for that of the trial court. *Brown,* 121 Idaho at 393, 825 P.2d at 490; *State v. Admyers,* 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.1992).

■ This prosecution stemmed from an incident in which Brooke's thirteen-year-old stepdaughter asked him for cigarettes and he responded that if she wanted cigarettes, she would have to pull up her shirt. When she did so, he fondled her breasts. This was not Brooke's first prosecution for an offense of this type, for he had been prosecuted and received a withheld judgment for touching the same victim in the vaginal area when she was ten years old. Following that offense, he received sexual abuse treatment, but he nonetheless reoffended. The psychosexual evaluation of Brooke indicated that he had poor insight and judgment, had poor impulse control and tended to minimize his responsibility and blame the victim. Consequently, he was thought to present a substantial risk of reoffense.

The district court concluded that placing Brooke on probation would depreciate the seriousness of the crime and that the period of imprisonment imposed on Brooke was necessary to provide appropriate punishment and deterrence and to protect society. On the record presented, we find no error in the district court's conclusions. Accordingly, we hold that the sentence imposed is not an abuse of discretion.

## CONCLUSION

Brooke has not shown that the prosecutor breached the plea agreement through com-

ments made at the sentencing hearing, nor has he demonstrated that his sentence is excessive. Therefore, the judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.