76 P.3d 988

STATE of Idaho, Plaintiff–Respondent,

v.

James Murphy KENNEDY,
Defendant–Appellant.

No. 28565.

Court of Appeals of Idaho.

May 12, 2003.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

James Murphy Kennedy appeals from the judgment of conviction entered upon his plea of guilty to trafficking in methamphetamine by attempted manufacturing. We affirm in part, vacate in part, and remand.

Kennedy was charged with conspiracy to traffic in methamphetamine by manufacturing. In the midst of trial, Kennedy entered into a plea agreement with the state whereby he agreed to plead guilty to trafficking in methamphetamine by attempted manufacturing. I.C. § 37–2732B(a)(3). Defense counsel summarized the plea agreement by stating that "Kennedy will plead to Count 1, an attempt to manufacture, the state will recommend two years fixed required by the stat-

ute, will not make a recommendation on an indeterminate, leave that in the judge's discretion." The district court thereafter accepted Kennedy's guilty plea.

At the sentencing hearing, the prosecutor acknowledged the plea agreement. After discussing the facts of the case, Kennedy's longstanding substance abuse problem, and Kennedy's criminal history, the prosecutor made the following recommendation:

I think the two years fixed, Judge, is appropriate, and I think a substantial period of indeterminate time is warranted in this defendant's case. Not necessarily, Judge, so that he can serve a lot more time in the penitentiary, but obviously given his history, given the serious nature of this offense and his activities in this offense, as well as his attitude and disposition in the presentence investigation, he's an individual for which I think that the Department of Correction needs to have a substantial period of supervision of this man.

Kennedy did not object to the prosecutor's comments. The district court imposed a unified seven-year sentence, with a minimum period of confinement of two years.

Kennedy now appeals, asserting that the prosecutor breached the plea agreement by recommending that the indeterminate portion of Kennedy's sentence be substantial. Kennedy seeks specific performance of the plea agreement, arguing that his case should be remanded for resentencing before a different district judge.

■■■ We note at the outset that Kennedy did not object to the prosecutor's recommendation of a substantial indeterminate sentence, nor did he move to withdraw his guilty plea. Ordinarily, this Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). However, we may consider fundamental error in a criminal case, even though no objection was made below. *See id.* Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb,*

125 Idaho 934, 940, 877 P.2d 905, 911 (1994). Breach of a plea agreement by the state is fundamental error and, therefore, the failure to seek relief in the trial court does not preclude a defendant from raising the issue for the first time on appeal if the record is adequate for that purpose. *State v. Fuhriman,* 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002); *State v. Brooke,* 134 Idaho 807, 809, 10 P.3d 756, 758 (Ct.App.2000). Here, the transcript of the plea hearing sufficiently establishes the terms of the plea agreement, and we will consequently address Kennedy's claim of breach.

■■■ When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427, 433 (1971). This principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–43 (1984). *See also State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App. 1985). Thus, when the prosecution breaches its promise with respect to a plea agreement, the defendant pleads guilty on a false premise and is entitled to relief. *Mabry,* 467 U.S. at 509, 104 S.Ct. at 2547, 81 L.Ed.2d at 443; *State v. Seaman,* 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994). As a remedy, the court may order specific performance of the plea agreement or may permit the defendant to withdraw the guilty plea. *Santobello,* 404 U.S. at 263, 92 S.Ct. 495, 30 L.Ed.2d at 433; *Seaman,* 125 Idaho at 957, 877 P.2d at 928; *Rutherford,* 107 Idaho at 916, 693 P.2d at 1118.

■■■ Under the circumstances presented in the instant case, we conclude that Kennedy has established that the state breached the plea agreement. Pursuant to the agreement, the prosecutor promised not to make a recommendation regarding the indeterminate portion of Kennedy's sentence. Although the prosecutor did not recommend a specific indeterminate length, this Court notes that the agreement precluded the prosecutor from

making *any* recommendation relative to the indeterminate term, including a recommendation that the indeterminate term of Kennedy's sentence be "substantial."

 Although Kennedy appeals from his judgment of conviction, he is not requesting to withdraw his guilty plea. Rather, Kennedy seeks specific performance of the plea agreement and resentencing before a different district judge who will not have heard the prosecutor's improper recommendation. Because Kennedy has requested relief in the form of specific performance, and because he has shown that he is entitled to such relief, we conclude that specific performance of the plea agreement is an appropriate remedy in this case. *See Rutherford,* 107 Idaho at 916, 693 P.2d at 1118. Therefore, we affirm Kennedy's judgment of conviction for trafficking in methamphetamine by attempted manufacturing, but we vacate Kennedy's sentence and remand the case for resentencing before a different district judge.

Chief Judge LANSING and Judge GUTIERREZ concur.