13 A.3d 56

**Joseph LAFONTANT**

v.

**STATE of Maryland**

**No. 1228, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

Feb. 3, 2011.

---

Stacy W. McCormack (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for appellant.

Susannah E. Prucka (Douglas F. Gansler, Atty. Gen., on the brief, Baltimore, MD) and Russell P. Butler (Jani S. Tillery,

Catherine Riley Maryland Crime Victims' Resource Center, Inc, on the brief, Upper Marlboro, MD), for appellee.

Panel: EYLER, JAMES R., HOTTEN, CHARLES E. MOYLAN, JR. (Retired, specially assigned), JJ.

EYLER, JAMES R., J.

Joseph Lafontant, appellant, was convicted in the Circuit Court for Prince George's County of, *inter alia*, manslaughter by vehicle, pursuant to a plea agreement. In the agreement, appellant promised to plead guilty to the charge, and the State assured appellant that it would seek no more than four years of active incarceration.

On January 14, 2008, the circuit court held a plea hearing. Appellant pled guilty to manslaughter, and was convicted. On March 14, 2008, the court held a sentencing hearing. At the sentencing hearing, counsel for Catherine Riley, the victim's representative, appeared and requested for the first time that the court order appellant to pay her, i.e., Ms. Riley, nearly $12,000 in restitution. The court postponed the restitution decision, but sentenced appellant to ten-years' imprisonment, all but four years of which were suspended in favor of supervised probation for five years. At a subsequent restitution hearing on July 11, 2008, the court ordered appellant to pay the full amount of restitution.

Appellant filed an application for leave to appeal to this Court on July 29, 2008, which was granted on March 9, 2010. The victim's representative filed a brief in this Court, pursuant to Maryland Rule 8–111(c).[1]

On appeal, appellant contends that the restitution order should be vacated because it was in violation of the plea

---

1. Maryland Rule 8–111(c), which became effective on January 2008, provides:

> (c) **Victims and victims' Representatives.** Although not a party to a criminal or juvenile proceeding, a victim of a crime or a delinquent act or a victim representative may:
> (1) file an application for leave to appeal to the Court of Special Appeals from an interlocutory or a final order (cont.) under Code,

agreement. On October 1, 2010, the National Crime Victim Law Institute filed an amicus curiae brief in support of the victim's representative, and on October 18, 2010, the State filed a brief in support of the restitution order. For the reasons set forth below, we affirm the restitution order.

## Facts and Proceedings

On February 10, 2007, appellant, driving under the influence of alcohol, struck an oncoming vehicle driven by the victim's representative. The crash killed the victim, Brianna Stanton, the twelve-year-old granddaughter of the victim's representative, who was a passenger in the vehicle driven by the victim's representative. Appellant was charged by grand jury in the circuit court with nine counts, including manslaughter by vehicle or vessel under Maryland Code (2002), § 2–209 of the Criminal Law Article ("CL").[2]

The victim's representative filed a Crime Victim Notification Request and Demand for Rights Form in the State's Attorney's Office pursuant to Maryland Code (2008 Repl.Vol.), § 11–104(d)(1) of the Criminal Procedure Article ("CP"), which provides that "a victim or victim's representative may file a completed notification request form with the prosecuting attorney." On August 16, 2007 the State's Attorney's Office filed a copy of the form in the circuit court pursuant to CP § 11–104(d)(2), which requires the prosecuting attorney to "send a copy of the completed notification request form to the clerk of the circuit court or juvenile court."

---

Criminal Procedure Article, § 11–103 and Rule 8–204; or (2) participate in the same manner as a party regarding the rights of the victim or victim's representative.

**2.** The crime of manslaughter by vehicle or vessel carries a sentence of up to ten years of imprisonment. CL § 2–209(d). The remaining eight charges against appellant were: (1) homicide by vehicle or vessel while under the influence of alcohol; (2) homicide by motor vehicle or vessel while under the influence of alcohol per se; (3) homicide by motor vehicle or vessel while impaired by alcohol; (4) driving under the influence; (5) driving under the influence per se; (6) driving while impaired by alcohol; (7) reckless driving; and (8) negligent driving.

Appellant entered into a plea agreement with the State. Evidence of the terms of the agreement comes from statements that were made at a plea hearing on January 14, 2008, a sentencing hearing on March 14, 2008, and a restitution hearing on July 11, 2008. Those statements are noted throughout the discussion below. The only statements that are relevant, however, are those made at the plea hearing. *Cuffley v. State,* 416 Md. 568, 7 A.3d 557 (2010). We shall consider only those statements in our analysis.

There is no indication in the record that the victim's representative did not receive notice of the plea agreement prior to the plea hearing, pursuant to CP § 11–104(e), which requires the prosecuting attorney to notify victim's representatives of plea agreement terms under certain circumstances.[3] Presumably, therefore, the victim's representative did receive such notice. In fact, the victim's representative and other members of the victim's family were present at the hearing, as permitted by Article 47(b) of the Maryland Declaration of Rights,[4] and CP § 11–102.[5]

At the plea hearing, defense counsel stated:

---

**3.** Specifically, CP § 11–104(e) provides, in pertinent part:

(e) *Notification request form—Notice of court proceedings—*
(1) The prosecuting attorney shall send a victim or victim's representative prior notice of . . . the terms of any plea agreement . . . if:
(i) prior notice is practicable; and
(ii) the victim or victim's representative has filed a notification request form . . . (cont.,)
(3) As soon after a proceeding as practicable, the prosecuting attorney shall tell the victim or victim's representative of the terms of any plea agreement . . . that affects the interests of the victim or victim's representative . . . if:
(i) the victim or victim's representative has filed a notification request form . . . and prior notice to the victim or the victim's representative is not practicable; or
(ii) the victim or victim's representative is not present at the proceeding.

**4.** Article 47(b) guarantees victims the constitutional right "to attend . . . a criminal justice proceeding" upon request and if practicable.

**5.** CP § 11–102 provides that, "[i]f practicable, a victim or a victim's representative who has filed a notification request form . . . has the

Mr. Lafontant will be entering a plea of guilty to Count One. At the time of the sentencing the State has agreed to be bound to no more than—they request no more than four years active incarceration, and the defense will be free to allocute for whatever they think is reasonable. And those are the parameters.

The colloquy between the court and counsel included the following:

[The Court]: Do you understand that once I accept your plea of guilty, the only thing left to be done is to sentence you and give you the agreed to sentence according to the agreement your attorney reached with the State's Attorney and sentence you to no more than four years of actual incarceration? So when you come back to court on March 14th, you could be sentenced to ten years, all suspended but four years, and thereafter be placed on five years active supervised probation. Do you understand the consequences of your plea?

[Appellant]: Yes, Your Honor.

Appellant was thus convicted of vehicular manslaughter.

Before the sentencing hearing, the victim's representative retained counsel through the Maryland Crime Victim's Resource Center. Counsel for the victim's representative advised the victim's representative of her right to request restitution under CP § 11–603(b), and prepared a written request that the trial court order appellant to pay the victim's representative $11,977. The request contained a written statement of expenses, along with the bills themselves. The expenses consisted of charges for the medical treatment of the victim, funeral and burial charges, and expenses incurred by the victim's representative for grief counseling expenses.

The request was not filed until March 14, 2008—the date of the sentencing hearing. Counsel for the victim's representative appeared at the sentencing hearing that day, along with

---

right to attend any proceeding in which the right to appear has been granted to a defendant."

the prosecutor and counsel for the defense. During the hearing, the victim's representative's attorney requested that the trial court order appellant to pay restitution to the victim.

Defense counsel objected that restitution was not part of the plea agreement, and that the request "seemed to be changing the terms." The prosecutor added that he "did not discuss restitution [with appellant] at the time [they] arranged the plea, other than ... the fact [that] the victim has a right to request it." Counsel for the victim's representative argued in turn that (1) the victim, separate from the State, has a right to ask for restitution as a condition of probation, and (2) the court "is not bound in terms of probation, fine, [or] anything else since [they weren't] included" in the agreement.

The court then asked defense counsel whether, given the unexpected request for restitution, appellant wished to withdraw his guilty plea. Defense counsel answered "no." The court, with consent of the parties, decided not to rule on the restitution request in order to allow defense counsel to discuss it with his client, and to permit the parties and counsel for the victim's representative to supply the court with authority for and against the request.[6]

Turning to the question of appellant's sentence, the prosecutor recommended that the court sentence appellant to "ten years, suspend all but four." After listening to several of the victim's family members' statements,[7] the court sentenced appellant to a ten-year prison term with all but four years suspended in favor of five years of supervised probation.

Following the sentencing, appellant and the victim's representative could not agree on the issue of restitution. On May 23, 2008, the victim's representative filed a request that a

---

6. Appellant does not challenge the delay in ruling.

7. Under CP § 11–403(b)(1)–(2), the court "shall" allow the victim or victim's representative to address the court before a sentence is imposed if the prosecutor requests it, or if the victim or victim's representative filed a notification request form. Otherwise, the court "may" allow the victim or victim's representative to address the court before sentencing the defendant.

restitution hearing date be set. The restitution hearing was scheduled for July 11, 2008.

At the restitution hearing, defense counsel claimed that an order of restitution would violate appellant's federal and state due process rights. Because restitution was not part of the plea agreement, he reasoned, it should not be ordered as a condition of probation. He further argued that, had restitution been requested before the agreement was formed, the terms of the agreement may have been different. Counsel for the victim's representative countered that the victim's representative was not a party to the plea agreement and thus was not bound by it. Moreover, counsel for the victim's representative opined, the State could not waive a victim's right to restitution, because the statutory right to restitution belongs to the victim—not the State. Last, counsel for the victim's representative concluded that appellant did get the benefit of his bargain. Counsel stated:

My understanding is that the plea agreement was four years unsuspended time. That's what the Defendant received. There was no, also part of the plea agreement that he was going to get ten and five years probation. Those are terms that the court normally determines. The plea was a cap, unsuspended time of four years. The Defendant got the benefit of his [bargain].

Having heard both sides, the court ordered appellant to pay restitution as a condition of probation. The court reasoned that (1) the plain language of CP § 11–603(b) says that the victim has a right to request restitution in a criminal proceeding, without specifying a time frame in which the restitution must be requested, and (2) because the agreement contemplated a period of probation and did not specify the conditions of probation, those conditions were left to the court's discretion.

Appellant filed an application for leave to appeal, which was granted.

## Discussion

The sole question raised on this appeal is whether appellant's plea agreement was violated when the trial court or-

dered him to pay restitution to the victim. We address this question under a *de novo* standard of review. *See Cuffley, supra; Rankin v. State,* 174 Md.App. 404, 408, 921 A.2d 863 (2007) ("We review the question of whether a plea agreement has been violated de novo.") (citing *Tweedy v. State,* 380 Md. 475, 482, 845 A.2d 1215 (2004)). Before turning to the merits of the question, we discuss below (1) the legal framework concerning victim restitution, (2) the law governing plea agreements, and (3) the parties' contentions. Ultimately, we affirm the circuit court's restitution order.

### 1. *Restitution for Victims in Criminal Proceedings*

Under CP § 11–603(a), "a court may enter a judgment of restitution that orders a defendant ... to make restitution in addition to any other penalty for the commission of a crime if ... as a direct result of the crime or delinquent act, the victim suffered: (i) actual medical, dental, hospital, counseling, funeral, or burial expenses or losses; (ii) direct out-of-pocket loss; (iii) loss of earnings; or (iv) expenses incurred with rehabilitation."

▆ Generally, courts may impose restitution as either a condition of probation or as part of a sentence. *Goff v. State,* 387 Md. 327, 338–39, 875 A.2d 132 (2005) (citing *Pete v. State,* 384 Md. 47, 55, 862 A.2d 419 (2004) (explaining that "restitution may be ordered, with qualifications, as a direct sentence for a crime or delinquent act" under CP § 11–603(a), but that sentencing courts also employ their broad power under CP § 6–221 to impose restitution as a condition of probation)). However, if a court entering a judgment of restitution to a victim under CP § 11–603 does elect to order a period of probation, "compliance with the judgment of restitution ... shall be a condition of probation ... in addition to a sentence or disposition...." CP § 11–607(a)(1).

Subsection (b) of CP § 11–603 makes it clear that restitution is in fact a right held by victims and, in a criminal proceeding, can be requested by either the victim or the State:

(b) *Right of victims to restitution.*—A victim is presumed to have a right to restitution under subsection (a) of this section if:

(1) the victim or the State requests restitution; and

(2) the court is presented with competent evidence of any item listed in subsection (a) of this section.

Section 11–614 states that, where practicable, the State's Attorney should "notify an eligible victim of the victim's right to request restitution" and "help the victim to prepare the request and advise the victim as to the steps for collecting restitution that is awarded." [8]

Section 11–615(a) then sets out the procedure by which victims can present the court with competent evidence of their losses:

(a) *Fair and reasonable charges.*—In a restitution hearing held under § 11–603 of this subtitle, a written statement or bill for medical, dental, hospital, counseling, funeral or burial expenses is legally sufficient evidence of the amount, fairness, and reasonableness of the charges and the necessity of the services or material provided.

A court need not issue a judgment of restitution if the court finds "(1) that the restitution obligor does not have the ability to pay the judgment of restitution; or (2) that there are extenuating circumstances that make a judgment of restitution inappropriate." CP § 11–605(a).

Notably, a judgment of restitution in a criminal proceeding "does not preclude the ... victim ... from bringing a civil action to recover damages from the restitution obligor." CP § 11–603(c)(1). If the victim subsequently pursues civil restitution, the "civil verdict shall be reduced by the amount paid under the criminal judgment of restitution" CP § 11–603(c)(2).

---

8. In the absence of a contention to the contrary, we presume that the prosecutor did send the victim's representative notice of her right to restitution, although the record does not so indicate.

In *Chaney v. State,* 397 Md. 460, 918 A.2d 506 (2007), the Court of Appeals held that "[a]n order of restitution entered in a criminal case, even when attached as a condition of probation, is a criminal sanction—part of the punishment for the crime." [9] *Id.* at 470, 918 A.2d 506. Although restitution serves both to rehabilitate and punish the defendant, and to recompense the victim, *Grey v. Allstate Ins. Co.,* 363 Md. 445, 460, 769 A.2d 891 (2001), in *Chaney,* the Court noted:

> Although, as we pointed out in *Grey,* [restitution] has a therapeutic and rehabilitative function with respect to the defendant, its predominant and traditional purpose is to reimburse the victim for certain kinds of expenses that he or she incurred as a direct result of the defendant's criminal activity. It is not a judicially imposed gift to the victim, but reimbursement that the defendant, personally, must pay.

397 Md. at 470, 918 A.2d 506.

## 2. *Plea Agreements*

The Court of Appeals has held that, because plea agreements are similar to contracts, "contract principles should generally guide the determination of the proper remedy of a broken plea agreement." *Solorzano v. State,* 397 Md. 661, 919 A.2d 652 (2007) (citing *State v. Parker,* 334 Md. 576, 604, 640 A.2d 1104 (1994); *Tweedy,* 380 Md. at 482, 845 A.2d 1215 ("Plea bargains have been likened to contracts, which

---

9. Having determined that restitution is a form of punishment, the *Chaney* court proceeded to set forth three requirements that must be met before restitution may be imposed: "(1) the defendant [must be] given reasonable notice that restitution is being sought and the amount that is being requested, (2) the defendant [must be] given a fair opportunity to defend against the request, and (3) there [must be] sufficient admissible evidence to support the request—evidence of the amount of a loss or expense incurred for which restitution is allowed and evidence that such loss or expense was a direct result of the defendant's criminal behavior." *Chaney,* 397 Md. at 470, 918 A.2d 506. These factors are not relevant to our analysis because, in the case before us, appellant was given time to respond to the request for restitution. On appeal, appellant does not contend otherwise and does not challenge the sufficiency of the evidence to support the amount of the award.

cannot normally be unilaterally broken with impunity or without consequence.")); *Hillard v. State,* 141 Md.App. 199, 207, 784 A.2d 1134 (2001) ("[T]he law is well settled that, in the absence of any jurisdictional defect, [agreements between the State and an accused] are based on contract principles and must be enforced."); *Ogonowski v. State,* 87 Md.App. 173, 182–83, 589 A.2d 513 (1991) (noting that a plea agreement constitutes "a contract between a defendant and the State"). In *Tweedy v. State,* the Court held that, "[i]n considering whether a plea agreement has been violated . . . the terms of the plea agreement are to be construed according to what a defendant reasonably understood when the plea was entered." 380 Md. at 482, 845 A.2d 1215. To determine "a defendant's reasonable understanding of the agreement at the time he entered into it, we consider terms implied by the plea agreement as well as those expressly provided." *Id.* (citations and quotations omitted). Recently, the Court of Appeals has emphasized that "fairness and equity" govern the enforcement of plea agreements so that when a plea agreement rests on a promise as to disposition, the promise must be fulfilled. *Cuffley, supra.*

Maryland Rule 4–243(c) sets forth the procedures to be followed once the prosecutor and defendant have entered into a plea agreement. The Rule, in pertinent part, provides as follows:

(c) **Agreements of sentence, disposition, or other judicial action.**

(1) Presentation to the court. If a plea agreement has been reached pursuant to subsection (a)(1)(F) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such pre-sentence proceedings and investigation as the judge directs.

(2) Not binding on the court. The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it. (3) Approval of plea agreement. If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

(4) Rejection of plea agreement. If the plea agreement is rejected, the judge shall inform the parties of this fact and advise the defendant (A) that the court is not bound by the plea agreement; (B) that the defendant may withdraw the plea; and (C) that if the defendant persists in the plea of guilty or nolo contendere, the sentence or other disposition of the action may be less favorable than the plea agreement. If the defendant persists in the plea, the court may accept the plea of guilty only pursuant to Rule 4–242(c) and the plea of nolo contendere only pursuant to Rule 4–242(d).

### 3. *Parties' Contentions*

Appellant argues that "[n]either party nor the court ever implied [by] their actions or terms of the agreement that the appellant's sentence might include an order of restitution." Therefore, he concludes, a reasonable person in his position would not have understood the plea agreement as leaving open the possibility of restitution in the criminal proceeding. Noting that restitution is a form of punishment, and that it had to be incorporated in the plea agreement in order to be valid, appellant implies that all terms of punishment have to be expressly stated to be valid. He claims further that he "admitted his guilt in reliance on the trial court's promise [at the plea hearing] to impose no punishment in addition to the agreed-upon sentence of four years' active incarceration." Thus, he contends, the trial court denied him the benefit of his bargain when, at sentencing, it ordered him to pay nearly $12,000 in restitution to the victim's representative as a condi-

tion of his probation. Appellant also argues that, even if the plea agreement is ambiguous, it should be construed in his favor. Ultimately, appellant seeks specific enforcement of the agreement and asks that the order of restitution be vacated.

The victim's representative, in turn, emphasizes her statutory right to court-ordered restitution under CP § 11–603(b). She argues that her March 14, 2008 restitution request, which contained a written statement of her funeral, burial, medial and grief counseling expenses, along with the bills evidencing those charges, satisfied § 11–615(a), which, again, states that "... a written statement or bill for medical, dental, hospital, counseling, funeral or burial expenses is legally sufficient evidence of the amount, fairness, and reasonableness of the charges and the necessity of the services or material provided." The victim's representative claims that, not only was the restitution request proper under the restitution statutes, it was also timely under the three factors set forth in *Chaney:* (1) the request for restitution at sentencing provided appellant with reasonable notice; (2) appellant had sufficient time to defend against the request, especially since, at the sentencing hearing, the court granted appellant additional time to respond, and scheduled the restitution hearing for a later date; and (3) the victim's representative provided the court with sufficient evidence of restitution damages by complying with § 11–615(a). Next, the victim's representative stresses that abandoning a right to restitution was not part of the plea agreement. Even if it were intended to be, the victim's representative argues that she was not bound by the plea agreement between appellant and the State, and argues that any agreement between the State and appellant that would effectively "bargain away" the victim's right without the victim's consent would contravene public policy. Finally, the victim's representative contends that, even assuming *arguendo* that the plea agreement could effectively defeat the victim's right, appellant waived any ability to "bargain away" the victim's right when he turned down the circuit court's offer allowing him to withdraw his plea.

Similarly, the National Crime Victim Law Institute contends that Maryland guarantees crime victims an independent right to restitution, which cannot be waived by the State or the court. The Institute argues that a plea bargaining process in which a victim's right to restitution may be waived without her express consent would effectively render that right meaningless.

The State's argument mirrors that made by the victim's representative, but adds that, if this Court were to conclude that the circuit court violated the plea agreement, the proper remedy would be to rescind the plea agreement in its entirety—not to vacate the restitution order and require specific performance of the plea agreement, as appellant urges.

### 4. *Merits*

We recognize the important policy interests on both sides of this issue. On the one hand, Maryland has a strong public policy in favor of affording crime victims meaningful rights and fair treatment within the criminal justice system. *Hoile v. State*, 404 Md. 591, 605, 948 A.2d 30 (2008). Article 47(a) of the Maryland Declaration of Rights guarantees crime victims the constitutional right to "be treated by agents of the State with dignity, respect and sensitivity during all phases of the criminal justice process." Article 47(b) grants victims the right to be "informed of the rights established in this Article, and upon request and if practicable, to be notified of, to attend, and to be heard at a criminal justice proceeding." Maryland also affords crime victims an expansive set of statutory rights, which echoes the constitutional rights. The statutory rights include the right to attend criminal proceedings (CP § 11–102), the right to be notified of court proceedings and the terms of plea agreements (CP § 11–104(b)), the right to address the court during sentencing or dispositive hearing (CP § 11–403), and the right to restitution (CP § 11–603). To implement those rights, law enforcement officers, judicial officials, and prosecutors are required to deliver to victims or their representatives notification request forms and pamphlets

describing the rights possessed by victims and the services available to them. *See* CP §§ 11–104 and 11–914(9)–(10).

On the other hand, a criminal defendant is entitled to enforcement of a plea agreement if accepted by the court. *Cuffley, supra.* That principle is grounded in the Due Process Clause and the well-established rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Plea agreements "are an accepted procedure throughout the United States and are recognized as an important component of the criminal justice system." *Tweedy,* 380 Md. at 484, 845 A.2d 1215 (citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (stating that plea bargaining is "an essential component of the administration of justice")). As the circuit court noted, "an ABA plea is what makes the courthouse efficient."

■ To decide whether the circuit court breached the plea agreement, we must first determine what the plea agreement included, and—perhaps more importantly—what the plea agreement did not include. Again, this inquiry is guided by appellant's reasonable understanding at the time the plea was entered, and to determine appellant's reasonable understanding, we consider terms implied by the plea agreement in addition to those expressly provided, *Tweedy,* 380 Md. at 482, 845 A.2d 1215, guided by concepts of fairness and equity. *Cuffley, supra.*

The agreement was as follows: appellant agreed to plead guilty to vehicular manslaughter, and, in return, the State agreed to request no more four years of active incarceration. The State did not expressly require that appellant pay restitution as part of the plea agreement. Neither did the State expressly waive the right to request restitution, either by it or by the victim directly. The question thus becomes whether the State, by failing to expressly include the issue of restitution in the agreement, effectively waived the victim's right to request restitution.

Appellant essentially argues that the State did just that, because absent an affirmative inclusion of restitution in the agreement, it was reasonable for appellant to conclude that restitution was waived. We disagree, and hold that appellant could not reasonably have believed that the terms of the bargain impliedly waived the victim's right to restitution. Even if we assume that appellant might have understood the *State* was impliedly waiving its right to request restitution, appellant should reasonably have understood that the *victim* was not. Accordingly, we hold that the agreement contained neither an express nor an implied waiver of the victim's right to restitution in a criminal and/or civil proceeding.

The plea agreement was not for a specific sentence and was not even for a recommendation of a specific sentence. The agreement was that the State would recommend a sentence that would include no more than four years *active* incarceration. At the time of the bargain, appellant should have understood that four years of active, unsuspended incarceration would implicate a period of probation. *See Rankin,* 174 Md.App. at 411–12, 921 A.2d 863 ("[B]ecause a period of probation must be attached to a suspended sentence, we hold that the right to impose a period of probation is included in any plea agreement that provides for a suspended sentence. If we were to hold otherwise, the imposition of a suspended sentence would be meaningless."). At the plea hearing, appellant was expressly informed by the court that, if he pled guilty, he might be sentenced to a period of probation:

[The Court]: ... So when you come back to court on March 14th, you could be sentenced to ten years, all suspended but four years, *and thereafter be placed on five years active supervised probation.* Do you understand the consequences of your plea?

(Emphasis added). Appellant did not object, indicating that he *understood probation was a possibility and was not precluded by the plea agreement.*

Further, it is well-understood that the terms and conditions of probation are largely within the trial court's discretion. *See*

CP § 6–221 ("[T]he court may . . . place the defendant on probation on the conditions that the court considers proper."); *State v. Wooten,* 27 Md.App. 434, 435, 340 A.2d 308 (1975) (explaining that trial judges have broad discretion in imposing conditions of probation, although such discretion is not unlimited). Moreover, restitution is known to be a standard condition of probation. *See, e.g.,* Wayne R. Lafave *et al.,* Criminal Procedure § 26.9(b) (3d ed. 2007) ("One common condition of probation is that the defendant make payments. . . . Sometimes the defendant must reimburse the county or state for certain expenses connected with the prosecution, . . . [but] [m]ore frequently the defendant is obligated to make restitution to the victim for his criminal conduct."). Indeed, the record contains the circuit court's Probation/Supervision Order form, which sets forth a checklist of (A) Standard Conditions, and (B) Special Conditions. The Standard Conditions checklist reads, in pertinent part, as follows:

*A. Standard Conditions:*

1. Report as directed and follow your supervising agent's lawful instructions.

2. Work and/or attend school regularly as directed and provide verification to your supervising agent.

3. Get permission from your supervising agent before: changing your home address, changing your job, and/or leaving the State of Maryland.

4. Obey all laws.

5. Notify your supervising agent at once if charged with a criminal offense, including jailable traffic offenses.

6. Get permission from the court before owning, possessing, using, or having under your control any dangerous weapon or firearm of any description.

7. Permit your supervising agent to visit your home.

8. Do not illegally possess, use or sell any narcotic drug, controlled substance, counterfeit substance, or related paraphernalia.

9. Appear in court when notified to do so.

10. *Pay all fines, costs, restitution, and fees as ordered by the court or as directed by your supervising agent through a payment schedule.*

(Emphasis added). Thus, appellant should reasonably have known that the court could impose a period of probation, and that one of the conditions might be restitution, if requested by the victim. Unlike the plea agreement in *Cuffley*, where the court violated an express term of the agreement,[10] appellant understood that the one and only term in his plea agreement was that the State would not recommend more than fours years active incarceration. The circuit court did not breach the terms of the agreement when it ordered appellant to pay restitution to the victim's representative.

Because we hold that the victim's right was not part of the plea bargain, we need not address the argument (made by both the victim's representative and the National Crime Victim Law Institute) that neither the State nor appellant has the power to bind the victim to the plea agreement, thereby "bargaining away" the victims rights without the victim's consent. The State never purported to waive the victim's right to restitution through its plea agreement. We simply reiterate that the victim has a statutory right to request restitution, within the parameters set by law, independent of the State's right to request it.

Likewise, because we hold that the agreement does not in fact preclude restitution, we need not address the victim's representative's claim that, by declining to withdraw his guilty plea, appellant waived his right to argue that the agreement does preclude restitution. Nevertheless, we note that if we *had* held that the order of restitution violated the plea agreement, the fact that appellant declined to withdraw from the agreement when the question of restitution first arose, after the plea agreement had been accepted, would be

---

**10.** In *Cuffley, supra,* the plea agreement called for a sentence within the sentencing guidelines, but the court imposed a term of incarceration in excess of the guidelines, thus violating an express term of the agreement.

of no consequence. Appellant would not have been required to surrender the benefit of his bargain when faced with a proposition that would violate the agreement. In *Solorzano,* we held that "when either the prosecution breaches its promise with respect to a plea agreement, or the court breaches a plea agreement that it agreed to abide by, the defendant is entitled to relief." 397 Md. at 667–68, 919 A.2d 652. Specifically, "where the plea agreement is breached, and it was not caused by the defendant, the general remedy for the breach is to permit the defendant to choose either specific performance or withdrawal of the plea." Id. at 668, 919 A.2d 652; *see also Santobello,* 404 U.S. at 263, 92 S.Ct. 495 (noting two options available to a defendant who has not received the benefit of a plea bargain: the defendant can either (1) have the bargain specifically enforced, or (2) withdraw his plea of guilty). It follows that, if we had concluded that restitution was a violation of the plea agreement, appellant would have had the option to pursue enforcement of the agreement as it stood before the breach, rather than withdrawing when the victim's representative requested restitution. By choosing the option of specific performance, appellant would not have waived his ability to argue the merits of the breach.

Ultimately, however, we conclude that the court's order of restitution did not constitute a breach of the plea bargain that appellant entered into with the State.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**